CARVER, APPELLANT, *v.* JOHNSON, APPELLEE.

Ohio Appeals, Fourth District, Jackson County.

No. 221. Decided December 7, 1962.

*Mr. Henry S. Willard* and *Messrs. Bannon, Howland, McCurdy & Dever*, for appellant, Garent Carver.

*Messrs. Hamilton & Kramer*, for appellee, State Farm Mutual Automobile Insurance Co.

COLLIER, J.  This action arose as a result of an automobile collision June 23, 1957, at the intersection of State Route 140 and State Route 75 in Jackson County.  The plaintiff-appellant, Garnet Carver, was a passenger in an automobile which was struck from the rear by an automobile operated by the defendant, Elbert Johnson, and owned by Billie Hopkins, to whom a policy of liability insurance had been issued by State Farm Mutual Automobile Insurance Company.  The parties will be referred to herein as they appeared in the trial court.

On February 13, 1959, in the Common Pleas Court of Jackson County, the plaintiff recovered a judgment in the sum of $14,000.00 against the defendant, Elbert Johnson, for personal injuries resulting from the negligence of said defendant in the operation of said automobile.  On June 13, 1959, the judgment remaining unsatisfied, a supplemental petition was filed against the new defendant, State Farm Mutual Automobile Insurance Company.  On July 24, 1961, trial was had on the supplemental petition and at the close of plaintiff's case, on motion of the defendant, State Farm Mutual Automobile Insurance Company, the court directed a verdict for said defendant.  Plaintiff's motion for a new trial was overruled and from the judgment the plaintiff has perfected her appeal on questions of law to this court.

The single question for determination in the trial court and in this court is whether the evidence adduced by the plaintiff was sufficient to establish the fact that Elbert Johnson was "a person insured" under the omnibus clause of the insurance policy issued by State Farm Mutual Automobile Insurance Company to Billie Hopkins on the automobile owned by him and being operated at the time and place of the collision by Elbert Johnson.  So far as pertinent, this clause reads:

"The following persons are insured under part I,

"(2) Any other person using such automobile, provided the actual use thereof is with the permission of the named insured."

More simply stated, the question is was Elbert Johnson, at the time and place of the collision actually using Hopkin's automobile with his permission? The burden was on the plaintiff to establish this fact as an essential element of proof and in the absence of such evidence, the defendant would be entitled to a directed verdict in its favor. *Gulla* v. *Reynolds*, 151 Ohio St., 147, 85 N. E. (2d), 116. Such permission of the insured may be either express or implied from the facts and circumstances. See 6 Ohio Jurisprudence (2d), 275, Section 92.

In the instant case there is no evidence of express consent by the insured to give permission to Johnson to use the insured's automobile. The plaintiff contends that a reasonable inference of permission to drive the automobile arose from the proven facts that Johnson and Hopkins were friends and fellow employees with a construction firm and itinerant construction workers, working together for several years, that the automobile was key driven and that an affidavit filed by Hopkins against Johnson, alleging a violation of Section 4549.04, Revised Code of Ohio, was withdrawn after Johnson entered a plea of not guilty thereto.

An inference has been defined as a conclusion which, by means of data founded, upon common experience, natural reason draws from facts which are proven. In other words, inferences are logical deductions from facts and circumstances established by evidence. 21 Ohio Jurisprudence (2d), 104, Section 98; *Mechanics and T. Ins. Company* v. *Himmelstein*, 24 Ohio App., 29, 155 N. E., 806. May it reasonably be inferred from the facts above stated that Johnson had permission of Hopkins to drive the automobile at the time and place of the collision? We do not believe such conclusion reasonably deducible from these meager facts. An inference of such permission does not logically or reasonably follow, by the natural process of reasoning, from any or all of these proven facts. The evidence shows that Hopkins was angry when he heard that Johnson had been using his automobile. He may have withdrawn the charge when his anger abated or for various other reasons. Certainly

the other proven facts of friendship, working on the same job and that the ignition key was in the automobile are not sufficient grounds upon which to base an inference of permission.

Unfortunately for the plaintiff, neither Johnson or Hopkins was available as a witnes, but without some substantial evidence to show facts from which a reasonable inference that Johnson was using the automobile with the owner's permission may be drawn, State Farm Mutual Automobile Insurance Company was not liable for the damages to the plaintiff under its contract of insurance issued to the owner of the automobile. The trial court ruled correctly on the motion for a directed verdict and the judgment must be affirmed.

Judgment affirmed.

RADCLIFF, P. J., and BROWN, J., concur.