ALLSTATE INS. CO. *v.* EMPLOYER'S GROUP INS. CO.

(No. 49094—Decided March 12, 1969.)

Common Pleas Court of Lake County.

*Mr. Daniel F. Richards* and *Messrs. Clair, Wiles & Richards,* for plaintiff.
*Mr. David J. Cook* and *Messrs. Merkel, Campbell, Dill & Zetzer,* for defendant.

SIMMONS, J. This case requires a declaration of the rights and liabilities of plaintiff Allstate Insurance Com-

pany and defendant Employer's Group Insurance Company under their automobile casualty insurance policies in the light of an accident July 4, 1967. On that date Carol Boesken, the daughter of Allstate's named insured, drove a vehicle described in Employer's policy and owned by William O'Brien, its named insured, into collision with another car. In consequence of this accident Miss Boesken and her father were sued. And this prompted the action here to determine the extent of the companys' obligation under their contracts to provide a defense and pay a judg- ment if any results.

After considering the pleadings, evidence at trial, briefs and the law, the court finds the following:

(A) As to the reserved rulings on objection and motions at trial:

(1) The objection to questions of Edwin Boesken regarding the practice of families in allowing nieces to drive cars is overruled.

(2) The motion of Defendant Employer's for a judgment at the close of plaintiff's evidence is overruled.

(3) The motion of Defendant Employer's for an order on plaintiff to supply it with a copy of the statement of William O'Brien is denied.

(B) As to the rights and liabilities of Defendant Employer's:

(1) At the time of the collision Carol Boesken was operating the O'Brien car without the knowledge or consent of William O'Brien.

(2) The policy of this defendant issued to William O'Brien did not include Carol Boesken or Edwin Boesken as an additional insured.

(3) Under the terms and conditions of this policy this defendant has no obligation to defend Carol Boesken or Edwin Boesken in any suit arising out of the collision of July 4, 1967.

(C) As to the rights and liabilities of Plaintiff Allstate:

(1) At the time of the collision Carol Boesken and Edwin Boesken were insureds of this plaintiff.

(2) Plaintiff has the obligation to defend Carol Boesken and Edwin Boesken from any suit arising out of the collision on July 4, 1967, and to pay any judgment obtained against one or both of them to the limit of the policy coverage.

It Is So Ordered.

Exceptions noted for plaintiff to whom costs are charged.

Plaintiff concedes that its policy affords coverage to the Boeskens. It contends, however, that its coverage is excess over that of Employer's. This contention would be true if the latter's policy covers Carol Boesken as an omnibus insured. But it does not do so.

Employer's coverage would attach only if Carol was "using" the O'Brien car at the time of the accident with the permission of William O'Brien or his wife and if her operation of the car was within the scope of that permission. *Part I, "Persons Insured," (A) (2).* Since Mrs. O'Brien did not own the car in question and did not even drive and the evidence is silent as to any words or conduct of hers pertaining to the use of the car, she does not figure in the decision of this case in any way.

What does "use" mean? Plaintiff suggests that it means "occupies." If it does then Carol's use of the car was with O'Brien's permission since he knew she would occupy it that evening as a passenger. But there is no authority in law or logic for such an elastic definition. A clear distinction exists between the two terms, as is demonstrated elsewhere in the policy. *Part II—Coverage C, Division (2) (A).*

Plaintiff cites the case of *Brown* v. *Kennedy,* 141 Ohio St. 457, as authority for its view that Carol is an omnibus insured because her use of the car as an occupant was with the owner's permission. But a reading of that case shows that it is not authority on the subject at all. The *Brown case* holds that an insurer may not disclaim coverage to the daughter of its named insured, residing within his household, having permission to operate the car, merely because she permitted another to operate it. Thus the case is not

authority for finding that Carol is Employer's insured, but rather is authority for a finding that O'Brien's daughter Mary is its insured and must be defended if sued. Such a finding is entirely irrelevant to this case.

But even if "use" is synonymous with "occupy" under these facts, Carol is not an insured of Employer's because her operation of the car was not within the scope of any permission of William O'Brien. The evidence persuades me that O'Brien did not give Carol permission to drive that night, either expressly or by implication. On the contrary, when Mary allowed Carol to take the wheel she violated his express instructions. She knew she did and so did Carol.

Plaintiff's further assertions can be summarized in this way: (1) Carol is an insured under the omnibus clause because she was riding as a passenger with the original permittee, Mary, and (2) She was an insured because Mary had implied authority from her father to delegate the use of the car to Carol.

Ohio has approved an exception to the general rule that omnibus clause coverage will not extend to the permittee of a permittee. This exception holds that where the delegation of permission from the original permittee to others is not forbidden by the owner then permission to a second permittee may be implied under certain circumstances. *West* v. *McNamara*, 159 Ohio St. 187; 7 American Jurisprudence 2d, Section 117, page 435 and 4 A. L. R. 3d, page 65, *et seq.*

But the exception is not applicable here because of the conclusions from the evidence already mentioned. A fact may not be stated by implication when its converse is established by direct evidence. I have discovered no case which applies omnibus coverage to a second permittee when both she and the original permittee were aware that the operation of the car by the former violated the owner's wishes.

Plaintiff's last claim is that Carol should be found to be an insured even if I find that William O'Brien prohibited a delegation of the use from Mary to any other

person. Some courts outside this state do appear to have carried the exception to such a limit. I decline to do so.

An insurance contract like all other contracts is first to be construed according to its clearly expressed meaning. Only where ambiguities exist is resort to be made to any of the common-law construction policies, *e. g.*, a construction most favorable for the insured and adverse to the insurer.

Where the intentions of contracting parties are unequivocally demonstrated by the language used in the contract these intentions must be realized, not altered. 30 Ohio Jurisprudence 2d, Sections 205 and 206, page 215, *et seq.* It was the clear intention of Employer's to be bound by the permission of its named insured only. This intention is enlarged by operation of law where permission can be reasonably implied by the facts and circumstances in each case.

If the meaning of the omnibus clause is as plaintiff contends, then the clause would have provided that permission of its "insured" rather than its "named insured" was all that was required to extend coverage. And Carol would be covered by Mary's permission. As it is, Employer's had the right and power to limit its omnibus liability by choosing the precise language employed. And it is this language rather than some other that must govern this court. *Union Mutual Insurance Company* v. *McMillen*, 24 Ohio St. 67.