JOURNAL ENTRY and OPINION
{¶ 1} Appellants Willie and Juanita Green appeal the trial court's summary judgment in favor of Frederick Henderson. The Greens assign the following errors for our review:
 {¶ 2} "I. The trial court erred in finding that State Farm was not obliged to provide liability coverage to Frederick Henderson under policy number 45 6540-A02-35 as a result of the collision which occurred on January 8, 2001, by finding that the State Farm policy was unambiguous with respect to Colleen Merella in her status as lessee/insured, and by failing to find that her permission to Frederick Henderson invoked coverage under the State Farm policy."
 {¶ 3} "II. The trial court erred in failing to address appellants' claim for uninsured motorist coverage under State Farm policy number 45 6540-A02-35, where it held that the liability coverage in the policy did not apply to Frederick Henderson."
 {¶ 4} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 5} The record reveals on January 8, 2001, Willie Green sustained injuries while he was a passenger in a vehicle operated by Frederick Henderson, which was involved in an accident with a vehicle owned by the Greater Cleveland Regional Transit Authority. Frederick Henderson, who is now deceased as a result of another accident, operated the vehicle with the permission of his girlfriend, Colleen Merella. On October 29, 2001, seeking compensation for these injuries, the Greens filed a complaint against Henderson, Merella, and State Farm Insurance Company ("State Farm").
 {¶ 6} At the time of the accident, State Farm insured the vehicle, a 1998 Volkswagen Jetta, under policy number 45 6540-A02-35, which contained liability limits of $100,000/$300,000, and uninsured/underinsured motorist coverage in the amount of $100,000/$300,000. The policy was issued to Stanford and Beth Jackson, the stepfather and mother of Colleen Merella, respectively.
 {¶ 7} In Merella's deposition testimony, she stated she leased the vehicle from Ganley Motors. Her stepfather, Stanford Jackson, cosigned the lease agreement on her behalf because she lacked credit. She provided the down payment and was solely responsible for the lease payments and insurance premiums. She further stated her stepfather and mother instructed her on several occasions not to allow others to drive the car. In spite of this, she gave Henderson permission to use the car the day of the accident.
 {¶ 8} Merella's mother, Beth Jackson, testified that about a week prior to the accident, she and her husband learned through their mutual insurance agent that Merella's insurance policy had lapsed. They then requested that the subject vehicle be added to their current policy. Three days later the accident occurred.
 {¶ 9} State Farm denied liability coverage for the accident, stating that only the named insureds, Stanford and Beth Jackson, could give permission to Henderson to drive the car. The company also denied Green's uninsured motorist claim for the same reason.
 {¶ 10} Both sides filed motions for summary judgment. The trial court granted summary judgment in favor of State Farm. The Greens now appeal.
 {¶ 11} In their first assigned error, the Greens argue the trial court erred in finding State Farm was not obligated to provide liability coverage to Henderson. We disagree.
 {¶ 12} We consider an appeal from summary judgment under a de novo standard of review.[1] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[2] Under Civ. R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party.[3]
 {¶ 13} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[4] The movant may satisfy this burden with or without supporting affidavits, and must "point to evidentiary materials of the type listed in Civ. R. 56(E)."[5] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will only be appropriate if the non-movant fails to establish the existence of a genuine issue of material fact.[6] In satisfying its burden, the non-movant "may not rest upon the mere allegations or denials of his pleadings, but his response by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."[7]
 {¶ 14} The State Farm policy at issue in this case defines an insured as follows:
"1. you;
 2. your spouse;
 3. the relatives of the first person named in the declarations;
 4. any other person while using such a car if its use is within thescope of you or your spouse;
 5. any other person or organization liable for the use of suchcar by one of the above insureds."
 {¶ 15} The policy further defines "you" and "your" as "the named insured or named insureds shown on the declaration page."
 {¶ 16} An insurance policy is a contract and the words used therein are to be given their natural and usual meaning unless otherwise defined in the contract.[8] In order to become an insured under this policy, the person using the covered auto must be granted permission by a named insured. "Permission" is a question of fact which could be implied from the circumstances as well as expressed.[9] The unrefuted evidence submitted in support of the motion for summary judgment establishes that neither of the named insureds, that is, neither Beth or Stanford Jackson gave Henderson either express or implied permission to use the vehicle.
 {¶ 17} Nonetheless, the Greens assert that Merella qualified as an "insured" and rightly consented to Henderson driving. However, this contention ignores the fact that the plain language of the policy requires the permission of a named insured, rather than a constructive insured. In this case, Stanford and Beth Jackson, the named insureds, expressly forbade Merella, a permittee, to allow others to drive the vehicle.
 {¶ 18} The Supreme Court of Ohio in West v. McNamara,[10] set forth the following principles governing the effect of an omnibus clause when an accident is caused by a third party who uses a covered vehicle with the consent of a permittee of the named insured:
(1) When the named insured gives another authority to use the vehicleand express permission to delegate that authority, the first permitteecan delegate his authority to a second permittee so as to bring use bythe second permittee within the protection of the policy.
 (2) When the named insured authorizes the first permittee to use thevehicle but expressly forbids the delegation of that authority, the firstpermittee cannot delegate his authority to a second permittee so as tobring use by the second permittee within the protection of the policy.
 (3) When the named insured authorizes use by the first permittee but issilent on the question of delegation, the first permittee cannot delegatehis authority to a second permittee so as to bring use by the secondpermittee within the protection of the policy.
 (4) Finally, the initial permission granted by the named insured to thefirst permittee may extend to a second permittee so as to bring use bythe second permittee within the protection of the policy if use by thesecond permittee serves some purpose, benefit or advantage to the firstpermittee, e.g., if the first permittee is a passenger in the vehicle orif the vehicle is driven in the interest of the first permittee or forsome purpose mutual to the first permittee and the second permittee.[11]
 {¶ 19} Section two above is applicable to this case. Stanford and Beth Jackson, the named insureds, forbade Merella, a permittee, to allow others to drive the car. Thus, as a matter of law, Merella's permission to another to operate a covered automobile, when such permission had been expressly forbidden by the named insureds, cannot be a basis for coverage to such permittee under the State Farm policy.[12]
 {¶ 20} Nevertheless, the Greens argue Merella was an insured because the policy's clause referenced leased vehicles and she is a co-lessee; therefore, she is an insured. The State Farm endorsement provides in pertinent part as follows:
1. That the motor vehicle described in your policy shall be consideredas owned by you while it is leased by you or your employer for yourregular use under a long term contract from the lessor whose name appearson the declarations page following the "leased vehicle, additionalinsured";
 2. You are covered as a named insured;
 3. Under Coverage A — Liability, the lessor shall be covered as aninsured;"
 {¶ 21} It is uncontested that Merella is a lessee of the vehicle; however, the endorsement provision merely extends coverage to the vehicles owned under a lease agreement by the named insured or the named insureds' employer. The only named insureds under the policy are Stanford and Beth Jackson.
 {¶ 22} Moreover, the lease endorsement unambiguously specifies that any vehicle the named insureds lease is a covered vehicle under the policy. If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined.[13] In this case only the named insureds, Stanford and Beth Jackson, are permitted to extend driving privileges to a third party. Merella testified that they told her specifically not to allow anyone to drive the car.
 {¶ 23} We conclude there was no genuine issue as to any material fact and reasonable minds could come to but one conclusion that Henderson did not have the permission of a named insured to use the covered auto; therefore, he was not insured for this accident under the State Farm policy. Thus, the motion for summary judgment in favor of State Farm was properly granted.
 {¶ 24} In the second assigned error, the Greens argue the trial court erred in not addressing their claim for uninsured motorist under the State Farm policy. Our disposition of the first assigned error renders this assigned error moot.[14]
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, J., and Karpinski, J., concur.
[1] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[2] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[3] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[4] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[5] Id. at 292.
[6] Id. at 293.
[7] Civ. R. 56(E); See Dresher.
[8] Garlick v. McFarland (1953), 159 Ohio St. 539, 545; Jackson v.Metropolitan Life Ins. Co. (1973), 34 Ohio St.2d 138, 140.
[9] Carver v. Johnson (1962), 91 Ohio L.Abs. 40, see Gulla v. Reynolds
(1949), 151 Ohio St. 147.
[10] (1953), 159 Ohio St. 187.
[11] Id. at 193-194.
[12] See West v. McNamara, Supra; Security Mutual Casualty Co. v. Hoff
(1978), 54 Ohio St. 426. See also, Allstate Ins. Co. v. Employer's GroupIns. Co. (1969), 18 Ohio Misc. 62.
[13] Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio,Inc. (1984), 15 Ohio St.3d 321, 322.
[14] App. R. 12(A)(1)(c).