[S. F. No. 15716. In Bank.—October 30, 1936.]

EDNA K. BOYER, Respondent, v. TRAVELERS INSUR-
ANCE COMPANY (a Corporation), Appellant.

O'Connor, Fitzgerald & Moran, Leo R. Friedman and
Joseph T. O'Connor for Appellant.

M. Mitchell Bourquin and Clinton L. Markley for Re-
spondent.

THE COURT.—A hearing in this court was granted, after decision by the District Court of Appeal, in order that we might give further consideration to the question of whether the employee hereinafter mentioned was "actually at work", within the meaning of that phrase as used in a policy of group insurance, on July 14, 1933, or the day on which he died.

After further and careful consideration, we are satisfied with the opinion rendered by the District Court of Appeal, speaking through Mr. Justice Spence, and we hereby adopt that opinion as the opinion of this court as follows:

"This action was brought to recover the sum of $4,000 alleged to have become due to plaintiff from defendant under a policy of group life insurance. Upon a trial by jury, plaintiff had judgment and defendant appeals.

"The main question raised upon this appeal is whether the insurance under the group policy had become effective upon the life of Mr. Boyer at the time of his death on July 14, 1933. His employer, Edmund Lowe Motors Company, had previously obtained the group policy from defendant. Mr. Boyer made written application for insurance thereunder on July 5, 1933. He had made no previous application. At that time, he had been an employee for more than one month and less than four months. Said policy provided 'Each such Employee who fails to file written application for this insurance on or before the completion of one month of service, will be insured from the fourteenth day of the calendar month next following the date on which he files such application provided he does so on or before the completion of four months of service *and is actually at work on said day, or if not actually at work, from the date on which he returns to work'*. (Italics ours.) It may be stated that employees applying for insurance after the completion of four months' service were required to obtain the approval of the insurance company 'upon the basis of a medical examination'.

"After making his written application for insurance on July 5, 1933, Mr. Boyer continued his work as a salesman for the next few days. When he awoke on the morning of July 10, 1933, he was afflicted with a shortness of breath. A doctor was called and Mr. Boyer was rushed to a hospital

where he was put under an oxygen tent. This tent was taken off at intervals but was used most of the time until his death. While Mr. Boyer was able to sit up in bed and to carry on a conversation at least some of the time, he was continuously confined to his bed in the hospital under the doctor's care until he died on July 14, 1933, at 9:30 P. M.

"Appellant contends that the evidence was insufficient to sustain the implied finding of the jury to the effect that Mr. Boyer was 'actually at work' on July 14, 1933. In our opinion this contention must be sustained. Before referring to the evidence relied upon by respondent to sustain this finding, it may be stated that respondent concedes that it was not sufficient under the policy to show merely that Mr. Boyer was in the employ of the company on July 14, 1933, but that it was also necessary to show that he was 'actually at work' on that date. It may be further stated that appellant concedes that if the evidence was sufficient to show that Mr. Boyer was 'actually at work' on July 14, 1933, then the insurance was effective at the time of his death on the evening of that day.

"The evidence showed that Mr. Boyer was employed in the capacity of a salesman on a commission basis. The sales manager testified 'The duties were the selling of Lincoln automobiles'. He was an elderly man and was employed mainly because of his ability to make contacts with wealthy people who had the means to purchase high-priced automobiles. He was not required to do certain things which were required of the other salesmen, but he was nevertheless on call by the sales manager 'at all times in the 24 hours', and it was his duty to carry out the instructions of the sales manager. He was not employed as an executive nor did he have any supervisory powers or duties over others. He worked both independently of other salesmen and also in cooperation with other salesmen on prospective deals.

"In an attempt to show that Mr. Boyer was 'actually at work' on July 14, 1933, respondent introduced evidence to show that Mr. Lowe and the sales manager visited Mr. Boyer on that day and discussed certain prospective deals with him. They were there about 25 or 30 minutes. A review of this evidence shows that the discussion involved certain deals upon which Mr. Boyer had been working before

he was taken to the hospital and that the said discussion related solely to the question of whether other salesmen should be permitted to carry on the work or whether said deals should be permitted to rest until Mr. Boyer was able to return to work. Upon this evidence, respondent seeks to sustain the finding under attack.

 ''We believe, however, that said evidence was wholly insufficient to show that Mr. Boyer was 'actually at work'. Respondent lays great stress upon the fact that the effectiveness of the insurance as to Mr. Boyer was not dependent upon Mr. Boyer's state of health. While it is true that no physical examination was required and the employee was not required to make any representation regarding his health, it was the clear purpose of the policy provision to permit the insurance to become effective as to any employee only in the event that his health was such as to permit him to be 'actually at work' on the specified date following the making of his application. Or, putting it another way, it was the clear purpose of the policy provision to prevent the insurance from becoming effective as to any employee, such as a salesman, who was so seriously ill as to be continuously confined to his bed in a hospital and unable to be 'actually at work' on the date specified. The evidence upon which respondent relies to show that Mr. Boyer was 'actually at work' is merely evidence of a conversation necessitated by the fact that he was not 'actually at work' and could not be 'actually at work' on the day in question.

''The parties discuss the meaning of the words 'actually at work' and the propriety of the trial court's instructions on this subject. No authority directly in point has been called to our attention and we know of none. Respondent. cites and relies upon *Equitable Life Assur. Soc.* v. *Worthman,* 67 Fed. (2d) 721. Both the policy provisions and the facts regarding the illness were very different in that case. It was not there required that the employee be at work on any particular day. The deceased there was not confined to his bed at all times and his work was of an advisory and supervisory character. Appellant cites *Leach* v. *Metropolitan Life Ins. Co.,* 124 Kan. 584 [261 Pac. 603], in which the words 'actively at work' were used in the policy, but it was there conceded by the parties that the deceased was not

'actively at work' at the time specified. We do not deem it necessary, however, to define the words 'actually at work' or to discuss the trial court's instructions. Said words are in common usage, and their meaning, as applied to an automobile salesman, would seem quite clear and unambiguous. But granting that the rule of liberal construction could be applied, we would be required to stretch that rule beyond all reason in order to hold that the evidence here was sufficient to show that Mr. Boyer was 'actually at work' on July 14, 1933, when it showed that he performed none of his customary duties as a salesman on that day but merely discussed his inability to perform his duties and the advisability of permitting others to carry on until such time as he might be able to perform such duties."

For the purpose of further clarifying our conclusions, we may observe that, in order for the employee to have been "actually at work", it would have been necessary for him to have been doing some of the things for which he was employed, i. e., making contacts, instead of being confined to his bed under an oxygen tent, entirely unable to make those contacts for which he was employed. The evidence here discloses that Boyer was not able to do what Mr. Lowe wanted and requested his employer to wait until he got out.

The judgment is reversed.

Rehearing denied.