Richard L. ELSEY, Appellant,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.

No. 5946.

United States Court of Appeals Tenth Circuit.

Dec. 26, 1958.

las Fox, Tulsa, Okl., on the brief), for appellee.

Before BRATTON, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

Richard L. Elsey, the named beneficiary of a $5,000 certificate of insurance issued pursuant to the terms of a group life insurance policy, brought this action to recover the amount of the certificate. The case was tried to the court without a jury, and judgment was entered for the defendant insurance company. The main question on this appeal arises out of the policy provisions relating to the effective date of the insurance.

There is no dispute as to the essential facts. On June 1, 1956, The Prudential Insurance Company of America issued a group life insurance policy to the Community State Bank of Tulsa, Oklahoma. The policy contained these provisions:

"Each full-time Employee entering the eligible classes after the effective date of this Rider shall be eligible for insurance hereunder from the completion of three months of continuous service on a full-time basis with the Policyholder. * * *

"In any instance when an Employee is not actively at work on full time on the date he would become insured in accordance with the above provisions, the commencement of the Employee's insurance shall be deferred until return to active work on full time." [1]

The plaintiff's wife became an employee of the bank on July 26, 1957, and sometime thereafter made application for life insurance coverage under the group policy. She was issued a certificate of insurance stating that its effective date was October 26, 1957. That date fell on a Saturday, a day when the bank was

---

Robert J. Woolsey, Farmer, Woolsey, Flippo & Bailey, Tulsa, Okl., for appellant.

G. Ellis Gable, Tulsa, Okl. (Charles P. Gotwals, Jr., Jack N. Hays, and G. Doug-

1. The clause, as it appeared in the certificate of insurance issued to the insured, was worded in a slightly different manner. It provided: "If the Employee is not actively at work on full time on the effective date indicated above, the effective date of the insurance evidenced by this Certificate will be deferred until the Employee's return to active work on full time."

**434**

closed and the employees were not at work. The insured worked on October 24th but, for personal reasons, did not report for work on October 25th. She became ill on October 26th and died October 29th. The trial court found that the insured was not actively at work on October 26, 1957, the effective date of the insurance, or at any time thereafter,[2] and concluded that she never was insured under the certificate issued to her.

The plaintiff argues that the insured had completed three months of continuous service as a full-time employee; that she had fulfilled all the requirements of the policy except being actively at work on the effective date inserted in her certificate; and that the only reason she was not actively at work on that date was because the bank was closed, it being a Saturday holiday, and that therefore the insurance was in effect. It is also urged that there is a conflict between the provision in the certificate fixing a certain date as the effective date of insurance and the provision that the insured must be actively at work on full time on the effective date. There is no conflict between these provisions,

and thus no ambiguity which, under the well settled rule, would have to be resolved in favor of the insured. See Equitable Life Assur. Soc. of United States v. Hoover, 187 Okl. 134, 101 P.2d 632. In unmistakable language, the policy and the certificate provide that if the insured is not actively at work as a full-time employee when the three month period expires, "the effective date of the insurance evidence by [the] certificate will be deferred until [she] returns to active work on full time." When the provisions of the policy and the certificate are read together, it is evident that the parties intended that the effective date inserted in the certificate was conditioned upon the insured being actively at work on that date. To construe the policy and certificate as suggested by the plaintiff would negative the provision that if the employee is not actively at work on the effective date of the commencement of the insurance, it "shall be deferred until return to active work on full time." See Shira v. New York Life Ins. Co., 10 Cir., 90 F.2d 953.[3] "A contract of insurance rests upon and is controlled by the same principles of law

2. The Court's finding was as follows:
"That Shirley M. Elsey [insured] was not actively at work on October 25, 1957 nor on October 26, 1957 or at any time thereafter; that Shirley M. Elsey was never actively at work after the completion of three months of continuous service for the bank."

3. In the Shira v. New York Life Ins. Co. case, this court, in considering a somewhat similar claim by a policyholder, said:
"Counsel for plaintiffs contend that the condition in the application above quoted is in conflict with the provision of the policy that it should take effect as of the 2nd day of January, 1930, and that the provision in the application should prevail. He asserts the effective date of the policy was either January 16, 1930, the date of delivery or January 7, 1930, the date of the policy. The provision in the application does not fix the effective date of the insurance contract. It simply imposes a condition precedent to the taking effect of the insurance coverage. * * * The language

of the policy fixing the anniversary date and the date the policy should take effect is clear and unambiguous. Furthermore, the contract expressly provided that the initial premium would cover a period terminating on April 2, 1930 and that the insured should pay a like premium every three calendar months thereafter to maintain the policy. It is competent for parties to a life insurance contract to make such stipulations with reference to the effective date of the policy, the period which the initial premium payment shall cover and the times when the future premiums shall become due and such stipulations are binding on the parties. The condition in the application and the provision in the policy proper as to its effective date are not in conflict. When read together, they mean that the insurance coverage shall only take effect in the event the conditions specified in the application are fulfilled, and then as of January 2, 1930. Travelers Ins. Co. v. Wolfe, 6 Cir., 78 F.2d 78, 80, certiorari denied 296 U.S. 635, 56 S. Ct. 158, 80 L.Ed. 452. * * *" (Footnotes omitted.) 90 F.2d 953, 955–956.

applicable to any other contract. What the contracting parties intended, mutually agreed to, and their minds met upon, is the measure of their obligations." Mofrad v. New York Life Ins. Co., 10 Cir., 206 F.2d 491, 493. The parties to an insurance contract may fix the terms as they see fit, and they will not be rewritten by the courts. Lentin v. Continental Assur. Co., 412 Ill. 158, 105 N.E. 2d 735, 44 A.L.R.2d 463.

■ Being "actively at work" on October 26, 1957, was a condition precedent to an effective contract as of that date. Rushing v. Manhattan Life Ins. Co., 8 Cir., 224 F. 74; Atlas Life Ins. Co. v. Schrimsher, 179 Okl. 643, 66 P.2d 944; American Bankers' Ins. Co. v. Thomas, 53 Okl. 11, 154 P. 44. "Actively at work on full time" means actually on the job and performing the employee's customary work. Being on the payroll is not enough. Colantonio v. Equitable Life Assur. Soc., Ohio Com.Pl., 100 N.E.2d 716; Boyer v. Travelers Ins. Co., 7 Cal. 2d 615, 61 P.2d 925; Vol. 2, Words and Phrases, p. 222, et seq. The purpose of the restrictive clause is clear. Without it, a regular employee could be absent from work on the date when the insurance became effective, or for some time prior thereto, for various reasons including illness, and would be insured if death occurred after the effective date stated in the certificate and before the employee's return to work.

■■ Okl.Stat.Ann., Title 6, § 110.1 (Supp.1957), provides that any bank doing business in Oklahoma may close on any one business day of each week, in addition to any other legal holiday, and any act authorized, required or permitted to be performed on the day which the bank is closed may be performed on the next succeeding business day, without the loss of any rights resulting from the delay. The statute has no application here. Its purpose is to prevent forfeitures or liability which might occur as a result of a person being unable to perform banking business on a day when the bank is closed. Furthermore, if the statute did apply, it would only have extended the right of the insured to perform the required act—that is, being actually at work—on the next succeeding business day. This was a right which she already had under the terms of the policy.

Affirmed.