Alice B. (Ware) WHITE et vir, Appellants,

v.

GREAT AMERICAN RESERVE INSUR-
ANCE COMPANY, Appellee.

No. 15758.

Court of Civil Appeals of Texas.

Dallas.

Feb. 3, 1961.

Clint A. Barham and Albert B. Morris, Dallas, for appellants.

Brundidge, Fountain, Elliott & Bateman, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a summary judgment.

Appellant Alice B. (Ware) White, joined by her present husband Hollis B. White, brought this suit against appellee Great American Reserve Insurance Company on a contract of group life insurance upon the lives of employees of the City of Dallas. Hershel Ware, an employee of the City, died June 2, 1957. At the time of his death he was the husband of appellant Alice B. (Ware) White.

Appellee filed a motion for summary judgment based on the pleadings of the parties and several depositions. The motion was sustained and judgment was entered December 21, 1959 that appellants take nothing.

It is undisputed that Hershel Ware went to work as an employee of the City of Dallas on February 12, 1957; that he became ill on May 8, 1957, entered a veteran's hospital and never again worked on his job as an employee of the City; that on or

about May 25, 1957, on temporary leave from the hospital, he went out to a City barn, where his foreman handed him a certificate of insurance; that he re-entered the hospital; and died on June 2, 1957.

It is also undisputed that the group policy, which is the basis of appellants' suit, provides that:

"7. Employees whose employment commences after the effective date of this insurance are to be eligible to apply for insurance from the date on which they complete 3 months of service.

"8. Any employee who is not actually at work on the date his insurance is to become effective shall not be insured until he actually returns to work."

It is further undisputed that the certificate issued to Hershel Ware on or about May 22, 1957 provides that:

"This certificate is void if issued to (a) an Employee who is not actually at work on the date hereof, or (b) any person who is not an eligible Employee under the provisions of the group policy."

Since Hershel Ware began his employment with the City on February 12, he would have become eligible for insurance coverage under paragraph 7 of the policy, above quoted, on May 12, 1957. The City in its motion states that in anticipation of his becoming eligible on May 12, 1957 for insurance under the group policy the certificate was typed and sent to Ware's foreman, who delivered the certificate to Ware when the latter visited the City barn on or about May 25, 1957 while on temporary leave from the hospital.

■ Appellants' only point on appeal is as follows:

"The trial court erred in sustaining Appellee's motion for summary judgment."

This point is too general to require our consideration in that it fails to point out the particular error or errors which it is alleged the court committed in rendering judgment against appellants. However, in their argument in their brief appellants do make certain contentions which we shall proceed to consider. McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643 (Syl. 6); Paul v. Johnson, Tex.Civ.App., 314 S.W.2d 338 (Syl. 11); Alston v. Rhoades, Tex. Civ.App., 316 S.W.2d 182.

■ Since Hershel Ware was not actually at work on May 12, 1957, his insurance coverage under the express terms of the policy and the certificate was not to become effective until he returned to work. Elsey v. Prudential Ins. Co. of America, 10 Cir., 262 F.2d 432; John Hancock Mutual Life Ins. Co. v. Welsh, 5 Cir., 267 F.2d 152; Boyer v. Travelers Ins. Co., 7 Cal.2d 615, 61 P.2d 925.

Appellants frankly admit that Hershel Ware was not actually at work on the date the certificate in question was issued to him. But they contend that appellee is nevertheless liable on the grounds of estoppel, because the certificate was delivered to Ware by the City as agent for appellee with knowledge that Ware was not actually at work.

We are unable to agree with appellants. The certificate which was issued to Ware expressly provided that it would be "void if issued to an employee who is not actually at work on the date hereof." How can it be said that he was misled to his hurt when the very certificate in his hand, on which certificate appellants now rely, informed him that it was void if he was not actually at work? There is no claim of fraud whereby he was prevented from reading the certificate.

■ Moreover, it has been held that while estoppel will operate to prevent forfeiture of a policy already in effect, it will not operate to create or enlarge the scope of the coverage over and beyond the

risk contractually assumed under the terms of the policy. Powell v. American Casualty & Life Co., Tex.Civ.App., 250 S.W.2d 744; Southland Life Ins. Co. v. Vela, 147 Tex. 478, 217 S.W.2d 660; Pan American Life Ins. Co. v. Garrett, Tex.Civ.App., 199 S.W.2d 819; Washington Nat. Ins. Co. v. Craddock, 130 Tex. 251, 109 S.W.2d 165, 113 A.L.R. 854; Massachusetts Bonding & Ins. Co. v. Dallas Steam Laundry & Dye Works, Tex.Civ.App., 85 S.W.2d 937; Wann v. Metropolitan Life Ins. Co., Tex. Com.App., 41 S.W.2d 50.

■ Appellants lean heavily on the holding in Cason v. Aetna Life Ins. Co., 91 Ga.App. 323, 85 S.E.2d 568, 574. It was there held that an insurance company was liable under the terms of a policy on the grounds of estoppel because it had accepted and retained payment of premiums. However, with reference to delivery and possession of the policy to the insured the case gives no comfort at all to appellants, for the opinion says: " * * * the mere manual possession of the certificate alone, though its delivery to the employee was authorized by the insurance company did not entitle the employee to protection under its provisions." There can be no estoppel in this case because of the fact that the insured was in possession of the certificate.

In their brief appellants take the position that under Art. 3.50, § 1(3) (b) of the Insurance Code, V.A.T.S., with which the City undertook to comply as agent for appellee, Ware's premium was paid in advance, hence appellee is estopped to deny liability, as was held in the Cason case, supra.

We find no evidence that Ware's premium was paid in advance. On the contrary the undisputed evidence is that no premiums had ever been paid to the City or to appellee in Ware's behalf.

Samuell McKenney, Jr., training supervisor for the City, testifying by deposition, stated that the City collects each employee's portion of the premiums by a monthly payroll deduction *after his insurance is in force;* and that in the case of Ware, the City would have made the first deduction from his third pay check in the month of May, and a payment would have been sent to the appellee some time early in June.

According to McKenney, Mrs. Alice B. (Ware) White called him some time in May and advised him that her husband was going to the hospital for brain surgery, and she offered to pay a premium. He told her not to send in the premium because it would not be acceptable until Ware was back on the job, and that "the insurance would not become effective until Mr. Ware was back on the job." Mrs. White did not send in the premium. The City never made a deduction from Ware's pay and never sent any remittance to the insurance company in his behalf.

In her deposition appellant Alice B. (Ware) White does not deny McKenney's statement. In fact her testimony tends to corroborate him. She testified that after Ware's visit to the City barn while on temporary leave from the hospital, he came home with the certificate and told her to make a payment on it. She then called McKenney who told her there would not be any need to make a payment until Ware came back to work.

We find no evidence in the record that the insurance company accepted and retained premiums paid in behalf of Ware. Therefore, appellants are not in position to rely on the holding in Cason v. Aetna Life Ins. Co., 91 Ga.App. 323, 85 S.E.2d 568.

The judgment of the trial court is affirmed.

WILLIAMS, J., not sitting.