## Della Valle v. Amalgamated Life Insurance Co., Inc.

*A. J. Damiano,* for plaintiff.

*Joseph Litt,* for defendant.

HIRSH, J., July 20, 1972.—This case involves a review on a writ of certiorari to an order of the court dismissing defendant's exceptions, affirming the court's findings and entering judgment for plaintiffs on the verdict. Plaintiffs' decedent, Rose Della Valle, was insured under a group life insurance issued by defendant with plaintiffs as beneficiaries. An amendment to that policy, effective July 1, 1968, provided for an increase in benefits from $2,000 to $3,000. The applicable provision is as follows:

"The life of the employee is insured for Three

Thousand ($3,000.00) dollars, except that an employee not actively at work on or after July 1, 1968 but covered under the extended insurance provisions of the Group Life Policy shall be Two Thousand ($2,-000.00) dollars until the date of return to active covered employment while insured under the Group Life Policy."

Decedent was employed in the clothing industry and on June 27, 1968, her employer's place of business closed for a two-week period in accordance with a city-wide tradition. While on vacation, decedent became ill and passed away on July 17, 1968. Defendant paid, at the request of plaintiffs, the sum of $1,884 to the funeral director and tendered the balance of $116 to plaintiffs. Plaintiffs refused the tender, claiming that since the policy provided for the payment of $3,000, they were entitled to $1,116. The case went before an arbitration panel which found in favor of plaintiffs. Defendant appealed from the arbitrators' award and the case was heard de novo by the court. Verdict was for plaintiffs in the amount of $1,160. Defendant then brought exceptions to the court's findings.

The issue in this case is whether plaintiffs' decedent was "actively at work" within the meaning of the insurance provision when she was absent from her place of employment due to a traditional summer shutdown of the clothing industry. There are no Pennsylvania cases construing "actively at work," but a case from another jurisdiction throws light on the question. In Williams v. Metropolitan Life Ins., Co., 448 S.W.2d 295 (1969), the court said that the phrase "actively at work" in a group-like policy means that an employe is present at his usual place of employment performing his usual and ordinary functions and duties or otherwise working at his employment under the supervision and direction of supervisors. In the instant case, plaintiffs' decedent's absence from

work was not due to a decision on her part to take a vacation for two weeks during the summer of 1968. She was performing one of the ordinary functions of her employment, a traditional two-week summer absence. Plaintiffs' decedent, along with the other employes, was following the directions of her supervisors who ordered the vacation period beginning June 27, 1968, pursuant to an industry-wide plant shutdown.

Cases from other jurisdictions cited by defendant construing "actively at work" have not convinced this court they are controlling. Firstly, those cases deal with situations where the party covered by the insurance policy was ill or did not report for work on the date a new policy provision was to become effective. This, as pointed out before, is not the situation in the instant case. Plaintiffs' decedent was mandatorily absent on July 1, 1968, the effective date of the policy amendment, and did not become ill until after that date. Secondly, the court will not be bound by a construction which could arguably have divested approximately 96,000 clothing industry employees, on vacation on July 1, 1968, of the new benefits of the insurance policy.

For the above reasons, the court finds that plaintiffs' decedent was "actively at work" on July 1, 1968, and that plaintiffs are entitled to the full death benefits under the amendment to the insurance policy effective July 1, 1968.

Accordingly, it is, therefore, ordered that defendant's exceptions are dismissed in whole. Findings are affirmed and judgment is entered for plaintiffs on the verdict.