125 N.J. Super. 195 (1973)
309 A.2d 905
MILDRED S. BLUM, PLAINTIFF,
v.
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.
Superior Court of New Jersey, Law Division.
Decided September 14, 1973.
*196 Messrs. Podvey and Sachs for plaintiffs.
Messrs. Stryker, Tams and Dill for defendants.
MARZULLI, J.S.C., Temporarily Assigned.
This is a motion for summary judgment brought by the defendant Prudential Insurance Company of America. The court's decision turns on the meaning of the clause "actively at work on full time" contained in an insurance policy issued by defendant to plaintiff's deceased husband. It is plaintiff's contention that her husband was "actively at work on full time" on the effective date of the policy. Defendant asserts that as a matter of law the assured was not so employed.
The facts of the case are as follows:
On October 1, 1947 Defendant issued a group life insurance policy to the trustees of the American Institute of Certified Public Accountants Insurance Trust. Pursuant to the issuance of this group policy, Max L. Blum, being a partner in a participating firm, was insured in the event of death for $10,000. Plaintiff Mildred S. Blum was the designated beneficiary.
This policy and later policies were issued without a physical examination but subject to the condition that the *197 assured be "actively at work on full time" on the effective date of the policy. The purpose of such provision was to delay coverage to those who were incapacitated and not actively in the employ of the designated firm. The benefits payable to the designated beneficiary were raised to $20,000, effective October 1, 1954. On February 28, 1969 the American Institute of Certified Public Accountants Insurance Trust informed participating firms that they could increase death benefits receivable from $20,000 to $30,000, effective April 1, 1969. The increased coverage was dependent on the assured being "actively at work on full time" on the effective date of the policy.
During the months preceding April 1, 1969 Blum was in Florida because of a heart condition. During his stay there, his partner, Wizon, was in charge of office affairs in New Jersey. While in Florida Blum had telephone conversations and advised office clients who were in the Miami area.
Blum's health took a turn for the worse, and in late March 1969 he decided to return to New York "as the last chance." He arrived in New York on March 30 or 31, 1969 and met with his partner. On March 31, 1969 he entered Beth Israel Hospital. He died at 4:30 P.M. on April 1, 1969.
Plaintiff concedes that there being no material fact in issue, the court's sole responsibility is the construction of the phrase "actively at work on full time" on the effective date of the policy.
The court is mindful that the purpose of summary motions is to expedite matters and to avoid fruitless and frivolous litigation. At the same time, such motions should be granted only with extreme caution and only where the record shows palpably that there is no material fact in issue. Frank Rizzo, Inc. v. Alatsas, 27 N.J. 400 (1958). Concomitantly such motion should be granted where the single issue is one of law, as in the case at bar. *198 R. 4:46-2, 4:46-1 et seq.; Felbrant v. Able, 80 N.J. Super. 587 (App. Div. 1963). More importantly, the court, in considering such motion, will view that evidence in support of such motion most critically and that opposing the motion in a most favorable light. The reason for such perspective is to guard against closing the halls of justice to those most deserving of its protection.
While construction of the phrase "actively at work on full time" is of first impression in New Jersey, the courts of sister states have spoken on this issue and it is to these decisions that we must turn. In Elsey v. Prudential Ins. Co., 262 F.2d 432 (10 Cir.1958), the court, in addressing the question of whether the employee was actively at work on the effective date of the policy, said:
Actively at work on full time means actually on the job and performing the employee's customary work. Similiarly in McLean v. Metropolitan Life Ins. Co. 153 N.E.2d, 349, 351 (Ohio Court Common Pleas 1957). The court finds nothing ambiguous about the term actively at work, and from the facts stipulated, John H. McLean was not actively at work at any time after September 1, 1951. In fact he was totally disabled, unable to work, and did not appear at his place of employment after September 1, 1951, (the effective date of the insurance). [At 435]
Accord: Williams v. Metropolitan Life Ins. Co., 448 S.W.2d 295 (Mo. Ct. App. 1969); Marshall v. Connecticut General Life Ins. Co., 371 S.W.2d 363 (Kansas City Ct. App. 1963); White v. Great American Reserve Ins. Co., 342 S.W.2d 793 (Tex. Civ. Ct. App. 1961).
In the aforementioned cases the employee was clearly not performing any services for his employer on the effective date of the policy. The case at bar is somewhat different in that the assured is a partner in the accounting enterprise and therefore has different rights and obligations in comparison with the usual employee. The court in Commercial Ins. Co. of Newark v. Burnquist, 105 F. Supp. 920 (D. Iowa 1952), addressed this question when it said:
*199 It seems clear that a lawyer who is a bed patient in a hospital conferring only occasionally with the members of his firm and less frequently with clients cannot be regarded as being on "active full time duty". The situation is not changed by the fact that the firm of which he is a member continues to pay him his usual percentage of the firm earnings. The Court holds as a matter of law that the defendant was not on "active full time duty" on [the effective date of the policy]. [At 930]
Had Blum actually performed any of his usual functions while in the hospital the court might be faced with a different decision. In Boyer v. Travelers Ins. Co., 7 Cal.2d 615, 61 P.2d 925 (Sup. Ct. 1936), the court stated:
In order for the employee to have been "actively at work," it would have been necessary for him to have been doing some of the things for which he was employed, i.e. making contacts, instead of being confined to his bed under an oxygen tent, entirely unable to make those contacts for which he was employed. The evidence here discloses that Boyer was not able to do what Mr. Lowe wanted and requested his employer to wait until he got out. [At 927]
The court in Jackson v. Metropolitan Life Ins. Co., 34 Ohio St.2d 138, 296 N.E.2d 679 (Sup. Ct. 1973), rejected the contention that the term "actively at work" was ambiguous, stating:
We hold that where decedent was not performing his job or assigned duties on [the effective date of the policy] he was not "actively at work."
This court, in granting defendant's motion for summary judgment, holds that the phrase "actively at work on full time" on the effective date of the policy means that the assured must be engaged in some active advancement of the business. Mere passive use of name and reputation does not so qualify.