**Maura HELLAND, Appellee,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, a foreign corporation, Appellant.**

**No. 72-2998.**

United States Court of Appeals, Ninth Circuit.

Nov. 23, 1973.

J. Michael Crowe, Adam, Duque & Hazeltine, John H. Brinsley, Perry L. Hirsch, Los Angeles, Cal., for appellant.

Richard A. Muench, Phillips & Naughton, Michael J. Naughton, Tustin, Cal., for appellee.

Before CHOY, WRIGHT, and SNEED, Circuit Judges.

OPINION

PER CURIAM:

This is an appeal from an award of proceeds made under an optional group life insurance certificate made available to federal employees under the terms of a group life insurance policy issued to the United States Civil Service Commission by appellant Metropolitan.

In March, 1970, appellee's husband, the decedent under the policy at issue, applied for optional group life insurance by properly completing and filing Standard Form 176 to show that he wanted both optional and regular insurance. Appellee was designated as beneficiary. At the time of making-his application, decedent was in the hospital and on sick leave. He remained in the hospital and on uninterrupted sick leave until his death in April, 1970. Throughout his sick leave, decedent remained in the employ of the federal civil service and continued to receive full pay. The amount of the optional insurance premium was withheld from his pay for this period. Thereafter, appellant Metropolitan tendered its check in the amount of the withheld optional insurance premium, but the tender was refused by the appellee.

■ The issue on this appeal is whether the requirement of Section 871.205(c), Title 5, Code of Federal Regulations,[1] that an employee "actually enters on duty in a pay status" before the optional insurance elected by him can become effective means that an employee must be physically present on the job and performing his duties on or after April 1, 1970, in order to effectuate coverage. Since interpretation of this regulation involves a question of law, not fact, the clearly erroneous standard of review does not apply and we may reverse for mere error.

Because he was on sick leave, decedent was on pay status. But this does not mean that he was on duty. The words "actually enters on duty in a pay status" refer to two separate states of being: 1) on duty; and 2) in a pay status. We find support for our conclusion in the 1956 modification of life insurance regulations to require actual entrance on duty in addition to the previous requirement of service in a pay status as a condition precedent to acquiring regular life insurance coverage. 21 Fed.Reg. 8479 (Nov. 6, 1956).[2] After the optional life insurance program was established in 1967, the Civil Service Commission issued optional life insurance regulations, including Section 871.205(c), Title 5, Code of Federal Regulations, requiring actual entrance on duty in a pay status. Since no physical examination is required, the purpose of requiring an employee to be actually on duty is presumably to insure a certain modicum of health on his part.

■■ We therefore hold that under Section 871.205(c), Title 5, Code of Federal Regulations, an employee must be both (1) in a pay status and physically present on the job, and (2) performing his duties on or after April 1, 1970, in order to effectute coverage. *See* Boyer v. Travelers Insurance Co., 7 Cal.2d 615, 61 P.2d 925 (1936).

Reversed.

1. "An employee who has declined the optional insurance may elect it by filing Standard Form 176, completed to show that he wants both optional and regular insurance, with his employing office during the period March 1, to March 31, 1970. The effective date of the optional insurance in such a case is the first day the employee actually enters on duty in a pay status on or after April 1, 1970."

2. Prior to the 1956 amendment, Section 37.3 (e), Title 5, Code of Federal Regulations, provided:

■

An employee appointed or transferred on or after the effective date provided for in paragraph (a) of this section shall be insured on his first day in a pay status unless on or before that date he files with his employing office a 'Waiver of Life Insurance Coverage,' or had previously filed such waiver which remains uncancelled.

19 Federal Register 5465 (August 27, 1954).