132 N.J. Super. 204 (1975)
333 A.2d 277
MILDRED S. BLUM, PLAINTIFF-APPELLANT,
v.
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 14, 1975.
Decided February 5, 1975.
Before Judges MATTHEWS, FRITZ and BOTTER.
*205 Mr. Henry J. Catenacci argued the cause for appellant (Messrs. Podvey & Sachs, attorneys).
Mr. Garrett E. Brown, Jr. argued the cause for respondent (Messrs. Stryker, Tams & Dill, attorneys).
PER CURIAM.
The trial judge entered summary judgment holding that plaintiff is not entitled to an additional $10,000 in coverage on the life of her deceased husband because he was not "actively at work on full time" on April 1, 1969, the date that the increase in insurance went into effect on a group policy. We concur.
In 1947 defendant issued a group insurance policy to the trustees of the American Institute of Certified Public Accountants Insurance Trust. The policy afforded life insurance benefits of $10,000, later increased in 1954 to $20,000. Prior to his death Max L. Blum was a senior partner in an accounting firm and was insured under that policy. His wife, plaintiff herein, was the designated beneficiary for death benefits.
By amendment effective April 1, 1969, entered into between defendant and the successor trustee of the aforesaid trust, the life insurance coverage was increased to $30,000, subject to the conditions contained in said group policy amendment. Paragraph III (ii) of said amendment provides that the increase in insurance shall not apply:
* * * in the case of an Employee who was insured under the Policy on March 31, 1969, and who is not actively at work on full time on April 1, 1969, until return to work on full time (a retired Employee shall be deemed to be actively at work on full time when he is not in medical confinement.)
Paragraph II.2. of the amendment defines a full-time "Employee" who is a partner or proprietor as one who "devotes at least thirty hours per week to the conduct of the business of the proprietorship or partnership." A notice to participating firms in early 1969 described the new benefits available *206 for an additional premium and advised further that the increase in insurance becomes effective for personnel "only if actively at work; otherwise such insurance becomes effective on the day of return to active work." The notice also stated that retired partners who are insured will receive the additional insurance "only if the individual is not confined for medical or surgical purposes." The notice specified that the "Plan as formally adopted and policies issued thereunder to the Trustee will control."
For a number of years before his death Blum had a heart ailment, and for that reason he and his wife lived in Florida for three or four months each winter. Since his firm's office was in New Jersey, the last time he was in his office during the winter of 1968-69 was in October 1968, before leaving for Florida. While in Florida his work consisted of telephone conferences and some conferences at his apartment with clients who were also in the Miami area, according to the testimony of Mrs. Blum. She testified that she served lunch while they were talking business and then she would "shoo them out when I felt it was too much for him."
In a deposition Mrs. Blum testified that on March 30 or 31, 1969, she and her husband returned from Florida to see his doctor in New York. Blum spent about one hour at home on the morning of March 31 conferring with his managing partner. He saw his doctor in New York in the afternoon of March 31, returned home, and then, later in the afternoon, was taken by ambulance to a hospital in Newark. He was immediately placed in the intensive care unit. His wife stated she did not know if he was conscious, since she was allowed to see him for only five minutes each hour and was not permitted to talk to him. He remained in that condition until the next day, April 1, 1969, when at 4:30 P.M. he died.
In these circumstances it is clear that Blum was not "actively at work on full time on April 1, 1969," as required by the group policy amendment. Defendant has not contended that Blum failed to satisfy the 30-hour a week "full *207 time" requirement; simply that he was not "actively at work" on the critical date. The contention of appellant is that Blum qualified since he was still an active member of his accounting firm, doing executive work, in the general time period prior to his death. Appellant contends that the phrase "actively at work" may mean different things in different situations; that it is ambiguous; that as a phrase of limitation it should be construed strictly against the insurer, citing Butler v. Bonner & Barnewall, Inc., 56 N.J. 567, 576 (1970), and that the objectively reasonable expectation of the policyholder (Bryan Const. Co. v. Employers' Surplus Lines Ins. Co., 60 N.J. 375, 377-378 (1972), aff'g in part and rev'g in part 116 N.J. Super. 88 (App. Div. 1971)), compels a finding of additional coverage.
Defendant paid the $20,000 benefit which was applicable prior to April 1, 1969. We agree that defendant was not obliged to pay the additional coverage since it did not apply to an employee who was disabled and in confinement, and therefore not "actively at work" on the date the amendment became effective. Even retired employees would receive the additional coverage so long as they were not "in medical confinement" on the crucial date. These two phrases contained in paragraph III(ii), "actively at work" as to working employees and "not in medical confinement" as to retired employees, make it clear that the intent was to exclude one, who, as here, is still in active service generally, but who on the effective date is not actively working, is not physically capable of working and who is confined to a hospital. We doubt that this reading of the phrase "actively at work" would disappoint the reasonable expectations of someone who seeks to obtain coverage under a group policy without prior medical examination. It is not unreasonable for an insurer to exclude such individuals from coverage "until return to active work on full time," as provided in paragraph III(ii).
While the phrase "actively at work" has not been construed in any reported New Jersey case called to our attention, our holding accords with cases in other jurisdictions. *208 Boyer v. Travelers Ins. Co., 7 Cal.2d 615, 61 P.2d 925 (Sup. Ct. 1936), holding that a hospitalized employee, in an oxygen tent, not doing and unable to perform some of his normal duties, is not "actually at work" on the effective date; Elsey v. Prudential Ins. Co., 262 F.2d 432, 435 (10 Cir.1958), defining "actively at work" to mean "actually on the job and performing the employee's customary work"; Jackson v. Metropolitan Life Ins. Co., 34 Ohio St.2d 138, 296 N.E.2d 679 (Sup. Ct. 1973); Williams v. Metropolitan Life Ins. Co., 448 S.W.2d 295 (Mo. App. 1969); Marshall v. Connecticut General Life Ins. Co., 371 S.W.2d 363 (Mo. App. 1963). Cf. Commercial Ins. Co. of Newark v. Burnquist, 105 F. Supp. 920 (N.D. Iowa 1952); White v. Great American Reserve Ins. Co., 342 S.W.2d 793 (Tex. Civ. App. 1961).
We do not consider persuasive, primarily because of distinctions in the facts or the issues, certain cases cited by appellant, namely, Great-West Life Assur. Co. v. Levy, 382 F. 2d 357 (10 Cir.1967); Equitable Life Assur. Soc. v. Worthman, 67 F.2d 721 (7 Cir.1933), and Morris v. Mutual Benefit Life Ins. Co., 258 F. Supp. 186 (D.C. Ga. 1966). The issue here is not averaging out the work-week, nor the type of work or the place of its performance, nor whether an employee is covered if he is on vacation on the effective date. The insurance company accepts the risk of all employees in the group regardless of their condition of health with certain narrow exceptions. To hold that the exception does not exclude an "Employee" in Mr. Blum's condition on April 1, 1969 would strip the provision of virtually all meaning. See Boyer, supra, 61 P.2d at 927.
Affirmed.