**Mary M. BRABSON, Plaintiff-Appellant,**

**v.**

**METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, and the United States of America, Defendants-Appellees.**

No. 84–1743.

United States Court of Appeals, Tenth Circuit.

July 2, 1986.

W. Thomas Beltz of Cole, Hecox, Tolley, Keene & Beltz, P.C. (H. William Mahaffey, with him on brief), Colorado Springs, Colo., for plaintiff-appellant.

Mary Currie, Metropolitan Life Ins. Co. (William J. Toppeta, on brief, Alvin Pasternak, of counsel), New York City, for defendant-appellee Metropolitan Life Ins. Co.

Stephen D. Taylor, Asst. U.S. Atty. (Robert N. Miller, U.S. Atty., with him on brief), Denver, Colo., for defendant-appellee U.S. of America.

Before McKAY, SETH and SEYMOUR, Circuit Judges.

SETH, Circuit Judge.

This is an appeal from the district court's granting of defendants' motion for directed verdict and entry of judgment against plaintiff in her action for life insurance benefits. Appellant, Mary Brabson, filed suit in the United States District Court for the District of Colorado against defendants Metropolitan Life Insurance Company and the United States of America seeking payment of certain life insurance benefits allegedly entitled to her deceased husband under the Federal Employee Group Life Insurance (FEGLI) program.

Defendants contended and succeeded in convincing the trial court that Mr. Brabson had not met the "pay and duty" requirements set out in 5 C.F.R. § 872.203 and that Mrs. Brabson had not established her estoppel claim. On appeal, Mrs. Brabson contends that the trial court erred in its application of the "pay and duty" requirements to Mr. Brabson and in its dismissal of her estoppel claim against the United States.

As a federal employee Mr. Brabson's life was insured under the group policy issued by Metropolitan to the Office of Personnel Management to provide group life insurance for all eligible federal civil employees under the FEGLI Act, 5 U.S.C. §§ 8701–8716. Congress subsequently amended the FEGLI Act by making available to eligible federal employees additional optional [Option B] life insurance. 5 U.S.C. § 8714b(b).

The regulations promulgated to implement this amendment provided that an employee could elect this coverage during the month of March 1981 and that the effective date of Option B coverage would be "the first day on or after April 1, 1981, that an employee actually enters on duty in a pay status on or after the day the election is received in his/her employing office." 5 C.F.R. § 872.203(a).

Mr. Brabson had been employed for a number of years by the United States Department of Interior National Parks Service as a maintenance worker at Fossil Beds National Monument in Florissant, Colorado. Mr. Brabson's immediate supervisor was William Welsh who was required by civil service to evaluate Mr. Brabson's performance. Mr. Welsh's evaluation of Mr. Brabson's performance which was dated January 13, 1981 was particularly unfavorable and Mr. Brabson refused to sign it, instead taking his complaint to the Superintendent of Fossil Beds Park, Mr. Robert Reyes. There was testimony that Mr. Reyes favored a compromise and told Mr. Brabson to put his response in writing, after which all involved would discuss the situation. This performance evaluation conflict arose as Mr. Brabson was to begin his annually scheduled unpaid furlough which was planned to extend until March 7, 1981.

However, during the course of his furlough, Mr. Brabson's health faltered and grew progressively worse. By March 1, he was diagnosed as suffering from hepatitis which required 12 days of hospitalization and prevented his scheduled return to Fossil Beds. After Mr. Brabson was released from the hospital he was visited by Mr. Reyes who encouraged him to sign up for the Option B coverage before the March 31, 1981 deadline. As of that time, Mr. Brabson still had not had an opportunity to discuss his unfavorable performance evaluation.

On March 27, 1981, while still on sick leave, a pay status, Mr. Brabson and his wife traveled to Fossil Beds to discuss the

performance appraisal of January 13 and to complete his application for the Option B coverage. Mr. Brabson was able to complete the Option B application process; he was told by the federal employee who accepted his application that coverage would be effective immediately. However, he was also told that he would not be able to respond to the evaluation because Mr. Welsh was not there that day. Mr. Welsh was not scheduled to return until April 1, 1981.

At trial, Mrs. Brabson introduced evidence that she and her husband returned on that date to attempt to respond to the evaluation. Although Mr. Welsh again was not available, there was evidence presented that Mr. Reyes did meet with Mr. Brabson regarding the evaluation. Subsequently, Mr. Brabson's health further deteriorated and he died on May 10, 1981 without again returning to work at Fossil Beds. Thereafter, Mrs. Brabson filed a claim for the Option B benefits.

Metropolitan refused payment of the Option B benefits with the explanation that Mr. Brabson had not returned to duty on or after April 1, 1981 as required by 5 C.F.R. § 872.203(a). After all Option B premiums withheld from Mr. Brabson's paychecks were refunded by defendants, Mrs. Brabson began this action which culminated in the district court with a directed verdict for defendants.

Appellant's complaint below essentially alleged that Mr. Brabson did meet the "pay and duty" requirements by reason of his performance appraisal meeting and, in any event, the defendants should be estopped from denying coverage by reason of representations made to the decedent regarding his Option B coverage. On appeal, Mrs. Brabson contends that the facts presented at trial, viewed most favorably to her, were sufficient to establish that her husband was on duty on April 1, 1981 and, again, that the defendants should be estopped from contesting coverage by reason of the federal employee's representations to Mr. Brabson that coverage would be effective immediately.

■ Preliminarily, we must point out that this court is in agreement with the district court's marshaling of the facts for the purpose of its directed verdict determination. The plaintiff does not appeal the district court's appraisal and view of conflicting evidence. However, inasmuch as the principal contention on appeal regards the legal interpretation of the term "duty" as it is used in this context, this court is not bound by the clearly erroneous standard and reversal is mandated in the event we reach a different conclusion. *See In re Golf Course Builders Leasing, Inc.*, 768 F.2d 1167 (10th Cir.1985); *Chrobak v. Metropolitan Life Insurance Company*, 517 F.2d 883 (7th Cir.1975); *Helland v. Metropolitan Life Insurance Company*, 488 F.2d 496 (9th Cir.1973). Accordingly, because we find ourselves in disagreement with the trial court's interpretation we must reverse its judgment and remand for further proceedings.

■ The essence of the district court's ruling is that the meeting between Mr. Brabson and Mr. Reyes pursuant to the unfavorable performance appraisal was not required of Mr. Brabson, not an integral part of Mr. Brabson's job and therefore cannot support a finding that he was on duty. This court finds little merit in appellees' justifications for this view and must disagree with the district court's restrictive interpretation of the phrase "on duty." Appellees make much of Mr. Brabson's freedom to come and go as he wished and the fact that the meeting was at his own behest. However, such observations do not detract from the purely job related nature of Mr. Brabson's presence at Fossil Beds. The performance appraisal which precipitated the meeting was required by Mr. Brabson's position and fully exploring any such disagreements is encouraged by the Office of Personnel Management. Similarly, the fact that the discussion of the personnel evaluation could have taken place at a number of locations other than at Fossil Beds does not meaningfully distinguish it from other elements of Mr. Brabson's job. Assuming that the meeting was

actually for a "bona fide" job related purpose and not merely a pretext for securing such benefit eligibility, we think it is within the realm of the employee's job duties and therefore would fulfill the duty requirement.

Appellees cite *Chrobak v. Metropolitan Life Insurance Company*, 517 F.2d 883 (7th Cir.1975), and *Helland v. Metropolitan Life Insurance Company*, 488 F.2d 496 (9th Cir.1973), for the proposition that "on duty" requires that the employee be physically on the premises and actually be performing his or her assigned duties. Thus Mr. Brabson's failure to return to his former duties on or after April 1 would remove him from eligibility. Such an argument overreaches the holdings in *Chrobak* and *Helland*. Both of those cases involved federal employees that were found ineligible for certain life insurance coverage because they did not meet the pay and duty requirements; however, in neither of those cases did the deceased return to the work premises or perform *any* job related functions. Whereas, in the case at hand, viewing the evidence most favorably to Mrs. Brabson, the decedent was present at Fossil Beds and did engage in a work related meeting on the necessary date thus establishing Option B eligibility.

Finally, addressing appellant's contention that the trial court erred in granting a directed verdict against her on the estoppel issue, we find no such error. Plaintiff failed to establish a prima facie case under Colorado law which would give rise to an estoppel and the directed verdict on that issue was properly entered by the district court. This court takes note of the arguments of Mrs. Brabson and the United States regarding the proper standard to be applied to the United States' motion for involuntary dismissal. However, the possibility that the United States' motion was judged under too harsh a light becomes moot in the wake of our determination that the district court's judgment on the estoppel cause of action was correctly arrived at.

We therefore reverse and remand only with respect to the "on duty" determination for further proceedings consistent with this opinion.

IT IS SO ORDERED.