KNAPMILLER, Respondent, v. AMERICAN INSURANCE COMPANY, Appellant.

*November 27—December 29, 1961.*

220

221

For the appellant there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *John A. Kluwin.*

For the respondent there was a brief by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *Robert S. Washburn* of counsel, all of Milwaukee, and oral argument by *Mr. Washburn.*

HALLOWS, J. The main issue presented is whether the complaint states a cause of action. We do not reach the second question of whether there was a defect of parties-defendant because the Indemnity Insurance Company of North America was not made a party. The complaint apparently was carefully and cautiously drawn with two possible theories of a cause of action in mind. It avoids a plain and concise statement of ultimate facts without unnecessary repetition required by sec. 263.03, Stats., and demands considerable analysis to determine whether both or either of the theories of a cause of action have been alleged.

The plaintiff, in her brief, argues she is a third-party beneficiary of a contract in which the defendant promised to provide insurance from accidental death while away from the office on company business. The allegation to provide insurance is contended to mean the primary obligation to pay for an accidental death was that of the defendant as a self-insurer and if the defendant has attempted to protect itself on this obligation by obtaining a policy of insurance, such policy, in order to fulfil the defendant's obligation, must be coextensive in coverage. The plaintiff further urges the coverage of the insurance policy obtained was not coextensive with the promise; that Martin died accidentally while away from the office on company business, and that defendant's breach of its promise to insure was established by the allegation of the plaintiff's demand on the defendant to pay the sum of $20,000 and a breach of a promise to obtain a specified policy of insurance by her demand upon the Indemnity Insurance Company of North America, its denial of liability and refusal to pay, followed by the refusal of the appellant to pay.

We reject the theory a cause of action is stated for a breach of a promise to insure. The allegations of the complaint do not set forth a plain and concise statement of such a promise. We cannot infer the defendant was a self-insurer from the fact it was an insurance company or from the language of the booklet which was to serve as an informative and helpful guide to the defendant's employees. The language in the booklet "Entirely without cost to you, the company provides insurance . . ." cannot be equated to "the company insures you." The word "provide," as defined in Webster's International Dictionary (3d ed., unabridged), means to take precautionary measures, to make provisions, to supply what is needed. The words "supply"

and "furnish" are synonyms. The most that can be said for the allegation in paragraph 5 of the complaint is the defendant agreed to furnish or supply a policy of travel accident insurance in the amount of $20,000.

We do not agree that the language of the booklet promises a policy against a specific peril of accidental death while away from the company's office on company business. The language of the booklet must be considered in everyday language as generally descriptive of the policy of insurance which the defendant supplied or furnished without cost to its employees. The complaint itself limits and qualifies the allegation by the clause "in that the defendant represented in 'Nice Work' it provides . . ." The general purpose of the insurance policy is thus alleged in representative language and does not constitute promissory language of coverage contended for the plaintiff.

On this construction of the allegation of the nature of the defendant's promise, we do not find a sufficient allegation of a breach of that promise. The complaint indirectly alleges the policy of insurance obtained from the Indemnity Insurance Company of North America by the defendant did not fulfil the defendant's promise as construed by the plaintiff because the Indemnity Insurance Company of North America refused to pay the plaintiff under the policy on the ground Martin's death was not within its coverage. The refusal of the Indemnity Insurance Company of North America to pay is not determinative of the coverage of the policy so as to constitute a breach of the promise which the plaintiff claims she has alleged in the complaint. At best, this complaint attempts to state a cause of action on the theory the defendant promised to furnish travel accident insurance. Such a policy was provided and the complaint alleges the policy of insurance was represented to the plaintiff by the defendant as that which the defendant had contracted to provide for the

benefit of the plaintiff against the accidental death of Martin as described in paragraph 5 of the complaint.

· The plaintiff contends it is not necessary to allege she has unsuccessfully sued the insurance carrier, relying on *Progress Laundry Co. v. Schweik* (1947), 332 Ill. App. 408, 75 N. E. (2d) 390, and *Johnson v. Illini Mut. Ins. Co.* (1958), 18 Ill. App. (2d) 211, 151 N. E. (2d) 634. These cases are not in point and involve insurance brokers who promised to obtain a policy of insurance which would cover a specific risk. Here, we have no promise to obtain insurance for the defendant's employees with the specific coverage contended for by the plaintiff. For the same reason, *Journal Co. v. General Accident Fire & Life Assur. Corp.* (1925), 188 Wis. 140,. 205 N. W. 800, and *Rainer v. Schulte* (1907), 133 Wis. 130, 113 N. W. 396, are not in point.

The facts alleged are similar to those in *Bentley v. Fayas* (1951), 260 Wis. 177, 50 N. W. (2d) 404, wherein this court stated there was no breach of contract to obtain an insurance indorsement, but assuming the representation of coverage was untrue, such representation was no more than an innocent one of law and not of fact and not actionable. We do not decide the question of coverage of the policy furnished by the defendant or whether such policy was a gratuity and not a part of the employment contract. Under the pleadings as now framed, those questions are not before us. Since the demurrer must be sustained, the plaintiff should be allowed to amend her complaint.

*By the Court.*—The order is reversed, with directions to enter an order sustaining the demurrer on the ground no cause of action is stated and allowing the plaintiff to amend her complaint within twenty days from the date of the remittitur.

BROWN, J., took no part.