YOUNG, Respondent, v. OAK ELECTRO-NETICS CORPORATION, Appellant.*

*No. 7. Argued November 25, 1969.—Decided December 19, 1969.*
(Also reported in 172 N. W. 2d 685.)

* Motion for rehearing denied, with costs, on March 3, 1970.

For the appellant there was a brief by *Lehman & Seymour* of Elkhorn, and oral argument by *William L. Seymour*.

For the respondent there was a brief by *Braden & English* of Lake Geneva, and oral argument by *Berwyn B. Braden*.

HALLOWS, C. J.   The plaintiff argues: (1) She is entitled to recover from the defendant employer because the

action is based upon her employment contract and not upon an insurance contract; (2) that she completed the three months of required service for eligibility; and (3) her claim should not be defeated by any terms of the insurance contract.

The facts are agreed. The plaintiff commenced work for the defendant on January 6, 1964, and worked continuously through Friday, April 3, 1964. Saturday and Sunday, April 4th and 5th, were not working days. On Monday, April 6th, the plaintiff was stricken with an illness and hospitalized. At the time of her employment the plaintiff was given a booklet and some literature upon which she bases her claim. The booklet entitled "All About Oak" contained the sentence, "Oak provides free insurance benefits." Other literature stated, "You are now an employee of Oak Manufacturing Co. . . . we provide the most modern group insurance coverage available . . ."

The plaintiff claims this language constitutes an obligation on the part of Oak to pay the benefits described in the booklet. We disagree. The booklets incorporate by reference the terms of the group insurance plan and provide that the group insurance benefits were insured by the Aetna Life Insurance Company. The booklet "All About Oak" refers the employee to the "Employee Benefit Information Kit" for details of the coverage. In the kit is a booklet for employees which "describes the principal features of the Group Plan" and points out to the employee "The complete terms of the Group Insurance coverage are set forth in Group Insurance policies issued by the Aetna Life Insurance Company." The booklets do not purport to be the contract but to describe the benefits of the employment.

A reasonable person would be aware that the booklets are not the contract but are descriptive only. Oak, in these booklets, did not promise to insure its employees but to "provide" by way of insurance certain benefits.

In *Knapmiller v. American Ins. Co.* (1961), 15 Wis. 2d 219, 112 N. W. 2d 586, we dealt with a similar problem of booklets describing the employer's plan covering employees with insurance. We held the language in a booklet which stated the company "provides insurance" did not make the company an insurer and the complaint stated no cause of action. While a cause of action for the insurance benefits is vested in the employee, it is against the insurance company, not the employer. *See* Appleman, *Insurance Law and Practice*, p. 56, sec. 43, also p. 67, sec. 46; *Riske v. National Casualty Co.* (1954), 268 Wis. 199, 67 N. W. 2d 385.

We think the defendant did not breach the employment contract because it did provide the insurance described in the booklets. The policies contain no conditions substantially different than the explanatory material in the booklets. The booklet "All About Oak" stated, "When you've been with us for three months, you automatically become eligible for your well-rounded insurance program . . ." The Employee Benefit Information Kit contained the statements:

"After you have been an employee of the Company for three months, you will be covered by these following free insurance benefits: . . ."

"All full-time employees are eligible for insurance upon completion of three months of continuous active service, but any employee who is away from work on that day for any reason will have his insurance deferred until his return to active work."

The group hospital and disability policies issued by Aetna contained the following language:

"Each employee in continuous service three months or more on October 1, 1949 shall be eligible for insurance on that date; each employee not in continuous service three months or more on said date and each employee entering service subsequently shall become eligible for insurance immediately upon the completion of three months of continuous service."

". . . each employee becoming eligible for insurance hereunder shall become insured as of the date of his eligibility; provided however, that in any instance when an employee is not regularly performing the duties of his occupation on the date he would become insured in accordance with the terms of this paragraph, the effective date of the employee's insurance shall be deferred until his return to active duty."

Under the facts the plaintiff completed three calendar months of continuous service on April 5th and thus she would become eligible for insurance unless there is applicable the language of the proviso that "when an employee is not regularly performing the duties of his occupation on the date he would become insured in accordance with the terms of this paragraph, the effective date of the employee's insurance shall be deferred until his return to active duty." We consider this proviso is not applicable to a nonworking day when that day is the last day of the three months' period. To require an additional working day would extend the continuous service in normal cases beyond the three calendar months, not because of any illness of the employee but by happenstance. A fair interpretation of this provision is that one must be regularly performing the duties of his occupation on the last working day of the three months' period. The employees are not considered out of employment on nonworking days or over weekends and thus in ordinary usage go to work on Monday morning. If, however, there is a break in the continuity of working on working days, a person is commonly said to return to work. This provision as commonly understood in employment contemplates by its language an employee's absence from work or one not performing his duties on a working day because of the risks to be insured against, *i.e.,* disability or hospitalization. One does not become eligible for insurance when he has a claim waiting to be covered. Under this proviso, an employee in good health and able to work on a nonworking day which falls on the last day of the three months' calendar period should

be considered as regularly performing the duties of his occupation on that date even though he is not actually working. This interpretation meets the purpose of the clause and is reasonable and no more can be asked of the language used in the policy.

We do not consider this interpretation depends upon any ambiguity in the phrases: "three months of continuous service" or "regularly performing the duties of his occupation" or "active duty" and therefore the cases cited for the proposition that such phrases are not ambiguous are not applicable. *See Garnsky v. Metropolitan Life Ins. Co.* (1939), 232 Wis. 474, 287 N. W. 731; *McLean v. Metropolitan Life Ins. Co.* (1957), 78 Ohio Law Abstract 464, 153 N. E. 2d 349; *Cochrun v. County of San Bernardino* (1964), 229 Cal. App. 2d 362, 40 Cal. Rptr. 298.

The defendant's interpretation of the policy does find some support in the rationale of *Elsey v. Prudential Ins. Co. of America* (10th Cir. 1958), 262 Fed. 2d 432. There the provision of the policy provided, "when an employee is not actively at work on full time on the date he would become insured . . . the commencement of the Employee's insurance shall be deferred until return to active work . . . ." The completion of the three months of continuous service for the employee ended on October 25th. Thus the employee would become insured on October 26th, which was a Saturday and a nonworking day. On that day the employee became ill and died a few days later. However, she had not reported for work October 25th, the last day of the three months, which was a working day. The court held there was no coverage because the employee was not actively at work on the day he "would become insured."

We do not quarrel with this result but our rationale would deny recovery on the ground the employee was not at work on the last working day of the three months' period and thus had to "return to work" before she was

eligible. We cannot agree that the provision in the policy calling for being at work applies to a nonworking day.

We think, therefore, the plaintiff was eligible for hospital benefits under Aetna's policy and she should have been given an insurance benefits certificate. However, she has not sued Aetna but her employer, the defendant. The record does not disclose why Aetna was not made a party to this suit either directly or by being impleaded. The plaintiff's cause of action is against Aetna and consequently the judgment against the defendant must be reversed.

*By the Court.*—Judgment reversed.