138

JACKSON, APPELLEE, *v.* METROPOLITAN LIFE INS. CO., APPELLANT.

(No. 72-696—Decided May 23, 1973.)

*Messrs. Smith & Schnacke, Mr. Lloyd H. O'Hara* and *Mr. John H. Dawson*, for appellee.

*Messrs. Cowden, Pfarrer, Crew & Becker, Mr. Charles P. Pfarrer* and *Mr. Randall N. Bothmann*, for appellant.

William B. Brown, J. The court in this case is called upon to interpret a provision of an insurance policy to determine whether the decedent qualified for coverage under the contract and whether his mother, as sole beneficiary, can collect thereunder.

The relevant provision of the insurance policy is included in the Stipulation of Facts. It provides:

"4. Effective January 1, 1968, General Motors Corporation and the Defendant, Metropolitan Life Insurance Com-

pany, entered into an Agreement amending and revising Group Policy No. 15500-G under which employees of General Motors Corporation, including Delco Products Division, were insured * * *. An employee employed subsequent to January 1, 1968, becomes eligible for insurance on the first day of the calendar month next following the month in which employment with the employer commences. The insurance on any employee becomes effective on the date of his eligibility, provided he is *actively at work* on the date of his eligibility, and insurance on any employee not *actively at work* on the date when his insurance would otherwise become effective or on the next following day on which he is actively at work.'' (Emphasis added.) Whether decedent qualified for coverage depends upon an interpretation of the phrase ''actively at work.''

Appellee contends that decedent became eligible for coverage under the provisions of the contract on August 1, 1968, three days prior to his demise, on two alternate grounds: (1) The determinative phrase in the policy, ''actively at work,'' is ambiguous and therefore should be interpreted against the insurer, or (2) the requirement that he be ''actively at work'' was a condition precedent to the performance of the contract which was waived.

Appellee contends that where a phrase in an insurance contract is ambiguous it must be construed ''liberally in favor of the insured and strictly against the insurer.'' *American Financial Corp.* v. *Fireman's Fund Ins. Co.* (1968), 15 Ohio St. 2d 171, 173. However, the provisions of this insurance contract are set out in *express* and *unambiguous* terms. In such an instance ''this court cannot make a new contract for the parties where they themselves have employed express and unambiguous terms. In the construction of contracts the language employed must be given its usual and ordinary meaning * * *.'' *Fidelity & Cas. Co.* v. *Hartzell Bros. Co.* (1924), 109 Ohio St. 566, 569.

The adjective ''active'' is defined in Webster's Third New International Dictionary as ''characterized by action rather than by contemplation or speculation * * * produc-

tive of action or movement * * * engaged in an action or activity." The adverb carries the same connotation. "At work" means performing a job or one's job or one's duties. "At work" connotes on the job, performing one's job or occupation; it does not, however, require physical presence at the location of the company, if one can perform his job elsewhere. In *Augusta* v. *John Hancock Mutual Life Ins. Co.* (1958), 11 Misc. 2d 111, 118, 170 N. Y. Supp. 2d 908, the court held that "* * * while in a hospital, one may be actively at work, if his activity consists of giving counsel, advice, and orders, to others, on behalf of his employer."

The courts have uniformly interpreted the phrase, "actively at work," which indicates that, at least to them, the meaning of the phrase is clear. In *Landis* v. *American Potash & Chemical Corp.* (1962), 78 Nev. 424, 375 P. 2d 402, a striking employee was not considered "actively engaged in work" under a group insurance policy; in *McLean* v. *Metropolitan Life Ins. Co.* (1957), 78 Ohio Law Abs. 464, an employee was not "actively at work" within the meaning of a life insurance policy where he was granted a leave of absence due to physical disability; in *Williams* v. *Metropolitan Life Ins. Co.* (Mo. 1969), 448 S. W. 2d 295, an employee, who elected not to report to work but reported to a company doctor for treatment of an injury arising out of and in the course of work, was not "actively at work" (under an insurance policy similar to the policy in the instant case); and in *Elsey* v. *Prudential Ins. Co. of America* (C. A. 10, 1958), 262 F. 2d 432, 435, the court held that "'actively at work on full time' means actually on the job and performing the employee's customary work" and that, since the effective date of coverage fell on a Saturday, when the employee was sick, she did not fulfill the coverage requirements.

In light of the well-understood meaning of the phrase "actively at work" and the harmony of the courts in their acceptance of that interpretation, we hold that where decedent was not performing his job or assigned duties on the date (August 1, 1968) he would have become eligible for

coverage, because the plant was closed down for annual inventory, he was not "actively at work." Consequently decedent did not qualify for coverage under the provisions of the insurance policy.

The second contention of appellee is that the requirement that one be "actively at work" is a condition precedent to the performance of the contract and that the performance of this condition was waived because of the impossibility of performance.

In the instant case, there is no impossibility of performance of the condition precedent, for the condition could have been fulfilled when the Delco plant was reopened after the inventory. The facts here resemble a case of a hindrance of performance. Prof. Williston says that: "It is as effective an excuse of performance of a condition that the promisor has hindered performance as that he has actually prevented it." Williston on Contracts (3 Ed), 233-34, Section 677(A). See, also, *Aimies* v. *Wesnofske* (1931), 255 N. Y. 156, 174 N. E. 436, and *Arizona Land Title & Trust Co.* v. *Safeway Stores* (1967), 6 Ariz. App. 52, 429 P. 2d 686.

In this case, the promisor, Metropolitan Life, did not hinder decedent in the performance of the condition. It was the employer, Delco, which closed down the plant and would have to be considered as the one hindering performance—performance of the condition was not waived.

In holding for plaintiff, the Court of Appeals relied on *Young* v. *Oak Electro-netics Corp.* (1970), 45 Wis. 2d 197, 172 N. W. 2d 685, where the court held that the employee qualified for coverage under the policy. There, at page 200, the court listed the pertinent provisions of the group insurance policy:

" 'Each employee *in continuous service* three months or more on October 1, 1949, shall be eligible for insurance on the date; each employee *not in continuous service* three months or more on said date and each employee entering service subsequently shall become eligible for insurance immediately upon the completion of three months of continuous service.' " (Emphasis added.)

In that case, the requirement of the contract which had to be fulfilled was that the employee be "in continuous service three months or more," a requirement entirely different from the "actively at work" requirement of the instant case.

Accordingly, the requirement in the insurance policy that the employee be "actively at work" to qualify for coverage was not waived because of an impossibility of performance or hindrance in performance; for the promisor of the contract, Metropolitan Life, had nothing to do with the temporary shutting down of the plant. This condition of the policy was not fulfilled, and the insurance policy did not cover plaintiff's decedent at the time of his death. Therefore, plaintiff is not entitled to recover under the terms of the policy.

*Judgment reversed.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze and P. Brown, JJ., concur.