BRAUSE, Appellee,

v.

ROYAL MACCABEES LIFE INSURANCE COMPANY et al., Appellants.

[Cite as *Brause v. Royal Maccabees Life Ins. Co.* (1993), 88 Ohio App.3d 149.]

Court of Appeals of Ohio,
Crawford County.

No. 3-93-2.

Decided June 3, 1993.

*Patrick Murphy,* for appellee.

*Brown, Bemiller, Murray & McIntyre* and *William Travis McIntyre,* for appellant.

EVANS, Presiding Judge.

This is an appeal by defendant-appellant Royal Maccabees Life Insurance Company ("Royal Maccabees") from a judgment of the Court of Common Pleas of Crawford County granting the motion for summary judgment of plaintiff Barbara J. Brause, and entering judgment in her favor on the complaint.

Between approximately 9:30 p.m. and 11:30 p.m. on May 31, 1991, Todd Brause was discovered lying motionless at his employment site, where he had been unloading feed at the Raber Turkey Farm in Holmes County, Ohio. An emergency rescue team transported Brause to the hospital, where he was declared dead at 12:41 a.m. on June 1, 1991. The attending physician determined that Brause had died of electrocution, which probably occurred when an append-

age of the truck Brause was driving made contact with an overhead power line during the unloading process.

On June 27, 1991, Brause's wife, Barbara, filed a notice of claim for accidental death benefits with Royal Maccabees, who carried a group life insurance policy for employees of Kalmbach Feeds, Inc. On August 28, 1991, appellant denied the claim, contending that the decedent failed to meet the policy's eligibility requirements. On March 27, 1992, Barbara J. Brause filed her complaint against Royal Maccabees et al. After the other defendants were dismissed from the suit, the action proceeded only against Royal Maccabees.

Both parties filed motions for summary judgment. Both parties stipulated that there were no material facts at issue. Thus, the only question for the court on the motions for summary judgment was one of contract interpretation, *i.e.*, whether Brause's death on June 1, 1991, qualified his beneficiary for accidental death benefits under the group policy which became effective as to Brause on June 1, 1991.

The trial court granted the plaintiff's motion for summary judgment, concluding that, "[u]nder the terms of the policy, the decedent would have been eligible for coverage on June 1, 1991, if he [was] actively at work on a full time basis on that date." Based upon the policy definition of "actively at work on a full time basis," the court determined that the eligibility requirements of the policy were satisfied, and that plaintiff was entitled to the proceeds requested pursuant to the policy. Royal Maccabees appealed, asserting the following assignment of error:

"The trial court erred in granting summary judgment to plaintiff as plaintiff's decedent, Todd Brause, did not meet the eligibility requirements spelled out in the clear, unambiguous language of the insurance policy in question."

The only issue before the court is whether the insured herein met the policy requirement that he was "actively at work on a full time basis" on the day the policy became effective as to him. Appellant argues that the insured was unable to meet that requirement, since he expired less than one hour after that day began.

The policy provisions at issue state as follows:

"ACTIVELY AT WORK ON A FULL TIME BASIS—means actually working for the Policyholder at least 40 hours per week, performing all of the normal duties of the individual's job at the Policyholder's normal place of business or other location, other than his residence, where the Policyholder's business requires him to be.

"Any individual not actively at work on a full-time basis on the date he would otherwise become eligible will become eligible after he returns to active full-time work for five consecutive working days."

Appellant, relying on *Jackson v. Metro. Life Ins. Co.* (1973), 34 Ohio St.2d 138, 63 O.O.2d 232, 296 N.E.2d 679, would have the court interpret the phrase "actively at work" according to its "ordinary meaning," separate and apart from the rest of the language in the Royal Maccabees policy. Since that phrase was not defined in the relevant policy in the *Jackson* case, the court afforded it the ordinary meaning of actively in the process of "performing one's job." *Id.* at 141, 63 O.O.2d at 233, 296 N.E.2d at 681. Appellant argues that, since the insured herein could not have been, on June 1, 1991, "actively at work" as defined in *Jackson, i.e.,* he performed no work for his employer on the day he became eligible for coverage, he failed the eligibility requirement of being "actively at work."

■ However, in this case, the contract requirement is stated as "actively at work on a full time basis," and is clearly and unambiguously defined *within the policy itself* as "actually working for the Policyholder at least 40 hours per week." It is clear from the policy definition that the phrase refers to the insured's status of employment, rather than his employment activities on a given day. Whether or not any employee satisfies the requirement of being "actively at work on a full time basis" falls entirely within the subjective determination of the employer, and has no relation to the employee's ability to perform the normal duties of his job at a given moment in time. Under the Royal Maccabees policy, if the employer considers the employee to be a full-time employee, and expects the employee to report for work on a regular basis, performing at least forty hours of work each week, then that employee has met the "actively at work on a full time basis" requirement.

There was no need for the trial court to attempt to ascertain a meaning separate and apart from that supplied by the insurer itself as an aid to interpretation of its own contract. See, *e.g., Taulbee v. The Travelers Cos.* (1987), 42 Ohio App.3d 209, 211, 537 N.E.2d 670, 672. Appellant would have this court separate the eligibility requirement of the contract into two parts, and apply each part separately. However, we find that the interpretation urged by appellant would lead to an absurd result, producing eligibility requirements which would be impossible to satisfy. After applying the "actively at work" test, there remains the requirement of "on a full time basis," *i.e.,* working forty hours per week. Obviously, it would be impossible to perform forty hours of work *on the day the employee becomes eligible for coverage under the policy.* Furthermore, there is no authority for dividing the eligibility requirement of the contract into separate parts, when the contract itself states and defines the language as one requirement. As evident from the insurance contract itself, there is but a single eligibility requirement, which the insured clearly met on the day he died.

It is axiomatic that the contract must be interpreted as a whole, with all provisions and parts construed together as one contract. Moreover, any contractual ambiguities should be interpreted liberally in favor of the insured, and strictly "against the insurer who drafted the contract language." *Id.*, 42 Ohio App.3d at 214, 537 N.E.2d at 675 (citing *Suburban Community Hosp. v. Lindquist* [1982], 69 Ohio St.2d 302, 23 O.O.3d 286, 432 N.E.2d 173). The trial court herein found that, since Todd Brause was "actively" employed by the policyholder, Kalmbach Feeds, on a full-time basis on June 1, 1991, the date of his accidental death, and had been so employed for the requisite "waiting period" specified by the policy, and was still in Kalmbach Feeds' employ at the time of his death, the policy requirements were satisfied. We agree with the trial court's conclusion, and find that summary judgment was properly granted, as a matter of law, to appellee on her motion. The assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT and HADLEY, JJ., concur.