[Cite as *Galbreath v. Galbreath*, 2015-Ohio-373.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| BRENDA K. GALBREATH nka TROYER | JUDGES: Hon. William B. Hoffman, P. J. Hon. W. Scott Gwin, J. Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2014 AP 04 0017 |
| WILLIAM M. GALBREATH | O P I N I O N |
| Defendant-Appellant | |



CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common
                                Pleas, Case No.  2013 TC 01 0039


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         January 29, 2015


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

SCOTT J. MASTIN                         JOHN A. BURNWORTH
BOWERS, BOWERS & MASTIN                 KRUGLIAK, WILKINS, GRIFFITHS
108 East High Street                    & DOUGHERTY
Suite 3                                 4775 Munson Street, NW, PO Box 36963
New Philadelphia, Ohio  44663-2544      Canton, Ohio  44735-6963

*Wise, J.*

{¶1}. Appellant William M. Galbreath appeals from the decision of the Court of Common Pleas, Tuscarawas County, which granted a post-decree motion for relief from judgment filed by Appellee Brenda K. Galbreath (nka Troyer), appellant's former spouse. The relevant facts leading to this appeal are as follows.

{¶2}. Appellant and appellee were married on October 20, 1990. Two children were born of the marriage.

{¶3}. On January 23, 2013, appellee filed a complaint for divorce. Appellant, on February 8, 2013, filed an answer.

{¶4}. The matter proceeded to a final hearing on August 16, 2013. On the same day, the trial court issued an agreed judgment entry and decree of divorce, with a separation agreement incorporated therein. Among other things, the separation agreement referenced three real properties to be put up for sale. The one in question in the present appeal is a 22.75-acre parcel on Evans Creek Road in Stonecreek, Ohio (hereinafter the "Evans Creek" property or real estate). Said parcel (like the other two real properties addressed in the separation agreement), was to be put up for sale, and appellant and appellee were to each receive "one half of any and all equity." *See* Separation Agreement at Section 3-A.

{¶5}. The parties had also agreed that since appellant had received title to the 2005 Chevrolet dump truck, the 2002 Chevrolet Silverado pickup truck, the 1995 Peterbilt truck and 2006 trailer, the 1995 Pontiac Bonneville, and the 1968 Pontiac GTO, he was to pay appellee the sum of $27,575.54, " *** off the top from the proceeds of the sale of the real property as outlined herein." *See* Separation Agreement at

Section 3-B. Similarly, the parties had also agreed that since appellant had received possession of a gun collection, he was to pay appellee the sum of $5,700.00 " *** off the top of the proceeds of the sale of the real estate as outlined above." *See* Separation Agreement at Section 3-E. The equalization payment concerning the vehicles and guns thus totaled $33,275.54.

**{¶6}.** Subsequent to the divorce decree, the aforesaid 22.75-acre Evans Creek property was sold for the sum of $210,000.00. The title agency informed the parties that it was prepared to disburse the proceeds of the sale of the property by paying appellee the aforesaid sum of $33,275.54 off the top of the $210,000.00, then dividing the remainder between appellant and appellee.

**{¶7}.** On November 19, 2013, appellee filed a motion under Civ.R. 60 pertaining to the distribution of the sale proceeds of the Evans Creek property, essentially seeking an order that the $33,275.54 property settlement be paid from appellant's proceeds after dividing the funds from the sale of said real estate. Appellee supplemented her motion on December 5, 2013. Appellant filed a response in opposition on December 11, 2013. On December 13, 2013, appellee filed a reply memorandum.

**{¶8}.** On January 29, 2014, a hearing before a magistrate was held on appellee's motion.

**{¶9}.** Via a decision issued February 11, 2014, the magistrate concluded, inter alia, that the parties' separation agreement, which had been drafted by appellee's counsel, "states very clearly that any sums due to [appellee] were to be taken first from the proceeds of the sale of the real estate then the balance was to be divided equally between the parties." The magistrate concluded that "[f]rom the proceeds from the sale

of the real estate, [Appellee] Brenda Galbreath should received [sic] the first $33,275.54" and "[t]he remaining proceeds should be divided equally between the parties." Magistrate's Decision at 4.

{¶10}. On February 25, 2014, appellee filed an objection to the magistrate's decision. On March 17, 2014, appellee filed both a supplemental memorandum and a corrected supplemental memorandum in support of her objection. On March 21, 2014, appellant filed a memorandum in opposition. On March 26, 2014, appellee filed a reply, followed on March 28, 2014 by a supplemental memorandum.

{¶11}. On March 31, 2014, the trial court conducted a hearing on appellee's objection. No additional evidence was taken at the objection hearing; however, the trial court did permit additional argument of counsel. On April 7, 2014, the trial court issued a judgment entry sustaining appellee's objection. In essence, the trial court determined that the language in the separation agreement regarding the proceeds from the sale meant the equalization payment for the cars and guns should come from the appellant's one-half. *See* Judgment Entry, April 7, 2014, at 7-9.

{¶12}. On April 28, 2014, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶13}. "I. THE TRIAL COURT ERRED IN FAILING TO APPLY THE PLAIN MEANING TO A TERM CONTAINED IN THE PARTIES' SEPARATION AGREEMENT, WHICH ADDRESSES HOW PROCEEDS FROM THE SALE FOR CERTAIN REAL ESTATE WILL BE DISTRIBUTED TO THE PARTIES."

I.

{¶14}. In his sole Assignment of Error, appellant contends the trial court erred in interpreting the parties' separation agreement concerning the sale of the real property in question and thereby granting appellee's motion for relief from judgment. We disagree.

{¶15}. As an initial matter, we are compelled to set the parameters of our analysis in this appeal. In the judgment entry at issue, the trial court questioned the procedural nature of appellee's "Rule 60" motion of November 19, 2013. The trial court concluded that appellee was essentially asking the court to "exercise its judicial obligation to interpret" its prior judgment entry of divorce, which had incorporated the parties' separation agreement. Judgment Entry, April 7, 2014, at 5. The court thus suggested that a request for relief under Civ.R. 60(A) or 60(B) was not the correct procedural vehicle under the circumstances (*id.*), even though appellee had requested in her objection to the magistrate's decision that an omission or inadvertent mistake in the separation agreement language should be corrected.

{¶16}. We have recognized that while a trial court does not have continuing jurisdiction to modify a marital property division incident to a divorce or dissolution decree, it has the power to clarify and construe its original property division so as to effectuate its judgment. *Flint v. Flint,* 5th Dist. Delaware No. 11–CAF–11–102, 2012–Ohio–3379, ¶ 10, citing *Gordon v. Gordon* (2001), 144 Ohio App.3d 21, 24, 759 N.E.2d 431. *See, also,* R.C. 3105.171(I). Appellant herein does not appear to challenge the trial court's treatment of the case as a basic matter of interpretation of the divorce decree. As such, we will review this case as an issue of the trial court "clarification" of its prior orders, as it is well-established that "[i]f there is good faith confusion over the

interpretation to be given to a particular clause of a divorce decree, the trial court in enforcing that decree has the power to hear the matter, clarify the confusion, and resolve the dispute." *Quisenberry v. Quisenberry* (1993), 91 Ohio App.3d 341, 348, 632 N.E.2d 916 (citations omitted). An appellate court reviews such an interpretive decision by the trial court under a standard of review of abuse of discretion. *Id.* Furthermore, while a magistrate is the "initial fact finder and issue resolver," the trial court remains the "ultimate fact finder and issue resolver." *See Dayton v. Whiting* (1996), 110 Ohio App.3d 115, 118, 673 N.E.2d 671 (interpreting former Civ.R. 53 referee function). However, the basic determination of whether an ambiguity exists in a separation agreement is a question of law to which we apply a de novo standard of review. *See McMillen v. McMillen*, 5th Dist. Ashland No. 2009-COA-033, 2010-Ohio-2399, ¶ 21, citing *Barnes v. Barnes,* 5th Dist. Stark No. 2003CA00383, 2005-Ohio-544, ¶ 18.

**{¶17}.** In the case sub judice, if the $33,275.54 is taken "off the top" of the entire proceeds from the sale of the Evans Creek real estate, appellee will receive said $33,275.54 sum, plus an additional $88,362.23 (calculated as ($210,000.00 - $33,275.54) ÷ 2), for a grand total of $121,637.77. However, if the $33,275.54 is taken off of appellant's proceeds only, appellee will receive the significantly greater total of $138,275.54 (calculated as $33,275.54 + ($210,000.00 ÷ 2)).

**{¶18}.** Upon review, we initially find, on a de novo basis, the isolated phrasing "off the top from [or of] the proceeds" to be ambiguous, in that it is not clear whether the agreement is speaking of the entire proceeds or just the one-half of the proceeds going to appellant. However, "[i]t is axiomatic that [a] contract must be interpreted as a whole, with all provisions and parts construed together as one contract." *Brause v. Royal*

*Maccabees Life Ins. Co.*, 88 Ohio App.3d 149, 153, 623 N.E.2d 638 (3rd Dist. 1993). The "off the top" language in this instance must be read in pari materia with the sections of the separation agreement pertaining to each party receiving "one half of any and all equity" in the real estate and appellant's obligation to reimburse appellee for his award of the vehicles and firearms in the property division. Mathematically speaking, the trial court's reading of the separation agreement is the only way that appellee will obtain her full and just property distribution as envisioned by the parties, and we are therefore unpersuaded that the trial court abused its discretion in interpreting its prior orders.

{¶19}. Appellant's sole Assignment of Error is overruled.

{¶20}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Gwin, J. concur.

JWW/d 0108