Filed 8/31/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MICHELLE M. SEQUEIRA,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>LINCOLN NATIONAL LIFE<br>INSURANCE COMPANY,<br><br>     Defendant and Respondent. | A139639<br><br>(Solano County<br>Super. Ct. No. FCS036491) |

Like most of us, Donald Sequeira (Sequeira) did not work on January 1, 2010, because it was a paid holiday. Tragically, he was hospitalized the next day with a sudden illness and died on January 6 without ever returning to work.

Sequeira's widow sought benefits under a supplemental life insurance policy that was issued to Sequeira's employer on January 1, 2010. The trial court ruled that she was not entitled to benefits because the policy required her husband to be "on the job, at his employer's place of employment, performing his customary duties" between January 1 and his death.

We disagree with the trial court and reverse its judgment. The policy is ambiguous regarding whether Sequeira needed to perform his work responsibilities on New Year's Day or anytime after that in order for his wife to receive benefits. We therefore interpret the policy in favor of Sequeira's reasonable expectations, which are that he should not have to work on New Year's Day or when he is sick in order to receive coverage that he has paid for.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

*Donald Sequeira's Employment and Purchase of Life Insurance*

Sequeira had been employed with the City of Vacaville (the City) since approximately 1990. In the fall of 2009, the City changed its life insurance carrier to Defendant Lincoln National Life Insurance Company (Lincoln). The City provided basic life insurance coverage to employees from Lincoln, and also offered employees the option of purchasing supplemental coverage from Lincoln.

On October 7, 2009, Sequeira completed an enrollment form for basic coverage as well as an additional $275,000 in supplemental coverage. Sequeira designated plaintiff Michelle Sequeira as the primary beneficiary of both the basic and supplemental coverage. Sequeira made two premium payments for the supplemental coverage before the end of the year via paycheck deductions.

*The Supplemental Life Insurance Policy*

Lincoln issued the basic and supplemental policies to the City on January 1, 2010, for participating employees, including Sequeira. The parties agree that the basic policy was effective on January 1, 2010, and that plaintiff was entitled to benefits under that policy. Their disagreement centers on whether plaintiff was entitled to benefits under the supplemental policy.

The supplemental policy contained the following eligibility provision:

"ELIGIBILITY

"If you are a Full-Time Employee and a member of an employee class shown in the Schedule of Insurance; then you will become eligible for the coverage provided by the Policy on the later of:

"(1) the Policy's date of issue; or

"(2) the day you complete the Waiting Period."

The supplemental policy defined a "Full-Time Employee" as an employee:

"(1) whose employment with the EMPLOYER is the employee's principal occupation;

"(2) who is not a temporary or seasonal employee; and

"(3)  who is regularly scheduled to work at such occupation at least the number of hours as shown in the Schedule of Insurance."

On the same page as the eligibility provision, the supplemental policy contained the following provision regarding effectiveness:

"EFFECTIVE DATES OF COVERAGES

"Your insurance is effective on the latest of:

"(1)  the first day of the Insurance Month coinciding with or next following the day you become eligible for the coverage;

"(2)  *the day you resume Active Work, if you are not Actively at Work on the day you become eligible;*

"(3)  the day you make written application for coverage; and sign:

"(a)  a payroll deduction order; or

"(b)  an order to pay premiums from your Flexible Benefit Plan account, if Employer contributions are paid through a Flexible Benefit Plan; or

"(4)  the first day of the Insurance Month following the date the Company approves your coverage, if evidence of insurability is required."  (Emphasis added.)

The parties agree that Sequeira was *eligible* for coverage under the supplemental policy, but disagree whether the supplemental policy ever became *effective* as to Sequeira.  Their specific dispute centers on whether the "Active Work" requirement in paragraph (2) of the Effective Dates of Coverages provision required Sequeira to perform his job duties between January 1 and his death on January 6 in order for the supplemental policy to become effective.

The terms "Active Work" and Actively at Work" found in paragraph (2) are defined in the supplemental policy as follows:

"ACTIVE WORK OR ACTIVELY AT WORK means the full-time performance of all customary duties of an employee's occupation at the EMPLOYER'S place of business (or other business location to which the EMPLOYER requires the employee to travel.)"

3

The terms "Active Work" and "Actively at Work" are used in other parts of the supplemental policy. One such place is the Waiting Period provision, which states:

"WAITING PERIOD: 30 days of continuous Active Work."

The term "Active Work" also appears in the "Termination of Coverage" provision, which states:

"Ceasing Active Work terminates your eligibility. However, you may continue coverage as follows: . . .

"(2) If you cease active work due to a temporary lay off, an approved leave of absence, or a military leave; then coverage may be continued:

"(a) for three Insurance Months after the lay off or leave begins;

"(b) provided premium payments are made on your behalf."

*Sequeira's Death and Appellant's Claim for Benefits*

Sequeira did not work on January 1, 2010—the day the supplemental policy was issued—because it was a paid holiday. He was hospitalized suddenly on Saturday, January 2 and died on Wednesday, January 6. His cause of death was related to a viral infection in his heart. He did not report to work between January 1 and his death on January 6.

After Sequeira's death on January 6, plaintiff submitted a claim to Lincoln for benefits under both the basic and supplemental policies. Lincoln paid benefits to plaintiff under the basic policy but denied her benefits under the supplemental policy. Lincoln informed her that as to the supplemental policy, "Sequeira never returned to work from 12/30/09 (prior to the effective date) until his date of death. Therefore, Mr. Sequeira was never actively at work on or after the effective date of this policy, so his coverage under this policy never became effective."

*Trial Court Proceedings*

Plaintiff filed a complaint against Lincoln on August 31, 2010, and an amended complaint on June 4, 2012. The amended complaint alleged causes of action for breach

4

of contract and bad faith against Lincoln on the ground that Lincoln was obligated to pay $275,000 under the supplemental policy but refused to do so.[1]

Plaintiff moved for summary adjudication against Lincoln, arguing that Lincoln owed her a duty under the supplemental policy to pay her $275,000. Lincoln then filed its own motion for summary adjudication on the ground that it did not breach the supplemental policy by denying plaintiff benefits. The trial court heard argument on plaintiff's motion on February 19, 2013, and took it under submission. Although the trial court initially issued a tentative ruling granting plaintiff's motion for summary adjudication prior to the February 19 hearing, the court issued a written order on May 14, 2013, denying it.

The trial court heard argument on Lincoln's motion for summary adjudication on May 21, 2013, and took it under submission. The trial court granted Lincoln's motion on June 20, 2013, in a written order that was similar to its May 14, 2013, written order denying plaintiff's motion. The trial court's June 20 order states, in pertinent part:

"Sequeira had been and remained a full time employee as of January 1, 2010. However, on January 1, 2010, he was not 'actively at work' because he was not on the job, at his employer's place of employment, performing his customary duties; he was on paid holiday. Mr. Sequeira was hospitalized on January 2, 2010 and passed away on January 6, 2010. He did not resume Active Work on or after January 1, 2010. As a result, although he met the eligibility requirements, the policy did not become effective as to him. [Citations.]

". . . The definition of 'Active Work or Actively at Work' in Mr. Sequeira's policy does not pertain to the employees' status. . . . The Effective date provision in Sequeira's policy pertained to the employee's

---

[1] The amended complaint also alleged a separate cause of action for breach of implied contract against the City. This claim was later dismissed with prejudice and is not relevant to this appeal.

5

location, e.g. he was required to be in full-time performance of his customary duties at the employer's place of business on January 1, 2010.

"Although sympathetic to Plaintiff, the court cannot redraft this insurance contract. [Citation.]"

The parties filed a joint stipulation on August 7, 2013, requesting that judgment be entered in favor of Lincoln, which the trial court did on August 14, 2013. Plaintiff timely filed this appeal.

## DISCUSSION

Plaintiff raises three arguments on appeal. First, she argues that the policy should be interpreted as effective because Sequeira was a full-time employee when the policy was issued. Sequeira did not have to perform his work responsibilities between January 1 and January 6, 2010, in order for the policy to be effective. Second, plaintiff argues that the Effective Dates of Coverages provision is unenforceable because its language was not "conspicuous, unambiguous, and unequivocal." Third, plaintiff argues that the common law "temporary insurance" doctrine provided coverage to Sequeira because he completed an enrollment form and paid premiums for the supplemental policy.

A.      *Standard of Review and Principles of Interpretation*

This appeal relates to motions for summary adjudication brought by plaintiff and Lincoln, who agree that the material facts relevant to their motions are undisputed. " 'We apply a de novo standard of review to an order granting summary [adjudication] when, on undisputed facts, the order is based on the interpretation or application of the terms of an insurance policy.' " (*Powerine Oil Co., Inc. v. Superior Court* (2005) 37 Cal.4th 377, 390.) The interpretation of an insurance policy is a question of law for the court. (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 18 (*Waller*).)

"Insurance policies are contracts and, therefore, are governed in the first instance by the rules of construction applicable to contracts." (*Montrose Chemical Corp. v. Admiral Ins. Co.* (1995) 10 Cal.4th 645, 666.) "Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs its interpretation. [Citation.] Such intent is to be inferred, if possible, solely

6

from the written provisions of the contract.  [Citation.]  The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' controls judicial interpretation unless 'used by the parties in a technical sense, or unless a special meaning is given to them by usage.' " (*Ibid.*)  " '[L]*anguage* in a contract must be construed in the context of that instrument as a whole, and in the circumstances of that case." (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1265; see also Civ. Code, § 1641.)  We also avoid interpretations that create absurd or unreasonable results.  (Civ. Code, § 1638; *Cold Creek Compost, Inc. v. State Farm Fire & Casualty Co.* (2007) 156 Cal.App.4th 1469, 1479.)

"If the meaning a layperson would ascribe to the language of a contract of insurance is clear and unambiguous, a court will apply that meaning." (*Montrose Chemical Corp. v. Admiral Ins. Co., supra*, 10 Cal.4th at pp. 666-667.)  "A policy provision will be considered ambiguous when it is capable of two or more constructions, both of which are reasonable." (*Waller, supra*, 11 Cal.4th at p. 18.)  " 'If an asserted ambiguity is not eliminated by the language and context of the policy, courts then invoke the principle that ambiguities are generally construed against the party who caused the uncertainty to exist (i.e., the insurer) in order to protect the insured's reasonable expectation of coverage.' " (*State of California v. Continental Ins. Co.* (2012) 55 Cal.4th 186, 195.)

B.      *The Active Work Requirement Is Ambiguous.*

Lincoln contends that the Active Work requirement unambiguously requires an employee to be "actually working at the time a policy is issued, rather than merely having the status of an employee."  Plaintiff argues that the only interpretation that makes sense is one that refers to an insured's status as a full-time employee, and that Lincoln's interpretation is nonsensical when applied to other provisions of the policy.

We begin with the supplemental policy's definition of "Active Work or Actively at Work" and conclude that it supports an interpretation referring to an employee's full-time status, and not whether the employee is actually performing work.  "Active Work or Actively at Work" is defined as " 'the full-time performance of all customary duties of an

employee's occupation at the EMPLOYER'S place of business.' " Lincoln focuses on the word "performance" and contends it refers to the execution of an action, as opposed to a particular status. (See Merriam-Webster's 11th Collegiate Dict. (2007) p. 920 [defining "performance" as "the execution of an action"].) However, Lincoln's argument ignores that the pertinent phrase is not just "performance," but "full-time performance." The word "full-time" is found elsewhere in the supplemental policy as part of the definition of "Full-time Employee." The definition of "full-time" there does not depend on an employee being on the job at a given moment in time. Instead, it addresses whether an employee has another occupation, whether the employee is temporary or permanent, and the hours the employee is regularly scheduled to work—in other words, an employee's status. Given this, a reasonable insured could interpret "full-time performance" in the definition of "Active Work or Actively at Work" to also refer to employment status, as opposed to actually being on the job at any given moment.

The Ohio Court of Appeal in *Brause v. Royal Maccabees Life Ins. Co.* (1993) 88 Ohio.App.3d 149 [623 N.E.2d 638] (*Brause*) reached the same conclusion when interpreting a similar provision. The life insurance policy in *Brause* contained the term " 'actively at work on a full time basis,' " and defined that term as "actually working for the Policyholder at least 40 hours per week, performing all of the normal duties of the individual's job at the Policyholder's normal place of business or other location, other than his residence, where the Policyholder's business requires him to be." (*Id.* at p. 639.) The court in *Brause* determined it was "clear from the policy definition that the phrase refers to the insured's status of employment, rather than his employment activities on a given day." (*Ibid.*) The definition in *Brause*, like the definition here, "has no relation to the employee's ability to perform the normal duties of his job at a given moment in time." (*Ibid.*)[2]

_____

[2] Lincoln argues that *Brause* is distinguishable because it examined the *eligibility* provision of a policy, not whether the policy was *effective*. We do not believe this is a meaningful distinction because the underlying issue in *Brause* and this case are the same. In *Brause*, just as in this case, the plaintiff's right to receive benefits under a life

8

This analysis is bolstered when Lincoln's interpretation of "Active Work or Actively at Work" is applied to other policy provisions, since Lincoln's interpretation gives bizarre meanings to those provisions while plaintiff**'s** does not. For instance, the supplemental policy has a Waiting Period provision that requires "30 days of continuous Active Work" from an employee before the employee is eligible for benefits. Applying Lincoln's interpretation would mean that an employee must be actually working full-time for 30 days continuously in order to be eligible for coverage under the supplemental policy. This is a strained interpretation of the Waiting Period provision, simply "as a matter of common sense." (*Bank of the West v. Superior Court, supra*, 2 Cal.4th at p. 1276). An interpretation that would cause an insured to jeopardize coverage by, for example, not working on the weekend or calling in sick "would lead to absurd results outside of the insured's reasonable expectations." (*Tester v. Reliance Standard Life Ins. Co.* (4th Cir. 2000) 228 F.3d 372, 376 [rejecting argument that employee on sick leave was not an "active, Full-time employee"].) Interpreting "Active Work" to mean full-time status provides a far more sensible result; it would allow an employee to obtain coverage despite taking a weekend off or calling in sick.

Lincoln's interpretation of "Active Work or Actively at Work" produces a similar result when applied to the supplemental policy's "Termination of Coverage" provision. That provision states: "Ceasing Active Work terminates your eligibility." If "Active Work" means "actually working," then an employee's coverage would be subject to termination as soon as he or she left work for the day. Lincoln does not dispute that this is an unreasonable interpretation, but instead argues that there is an exception to the termination of coverage for an "approved leave of absence." It is not apparent to us that leaving work for the day is classified as an "approved leave of absence." But even if it were, the provision Lincoln cites is not actually an exception to termination. It only delays termination of coverage for three months if an employee continues to pay

---

insurance policy turned on whether the person who purchased the life insurance was "actively at work" after the policy was issued.

premiums. By contrast, interpreting Active Work to mean full-time *status* does not create the same issue.[3]

Lincoln argues that plaintiff's "full-time status" interpretation of "Active Work or Actively at Work" has problems of its own because it produces a redundancy between the Eligibility provision and Effective Dates of Coverages provision. Under the Eligibility provision, an employee is not eligible unless he or she is classified as a full-time employee. Therefore, Lincoln argues, because the Effective Dates of Coverages provision states the policy is effective on "the day you resume Active Work, if you are not *Actively at Work on the day you become eligible*," then "Actively at Work" must mean something in addition to the eligibility requirements. Even if we were to agree with Lincoln on this point, Lincoln has not solved the issues created by its own interpretation. At most, Lincoln has shown that the Actively at Work requirement "is capable of two or more constructions" (*Waller, supra*, 11 Cal.4th at p. 18), which supports the conclusion that the meaning of "Active Work or Actively at Work" is ambiguous.

Lincoln also cites several cases to support its interpretation, but we do not find those cases persuasive. One case Lincoln cites is our Supreme Court's opinion in *Boyer v. Travelers Ins. Co.* (1936) 7 Cal.2d 615 (*Boyer*), which involved a car salesman who was rushed to the hospital on July 10, 1933, and remained there until his death on July 14, 1933. (*Id.* at pp. 616-617.) His wife sought to recover $4,000 under a group life insurance policy, which stated that it would be effective on July 14, 1933, as to any employee who was "actually at work on said day, or if not actually at work, from the date on which he returns to work." (*Id.* at p. 616, italics omitted.) The Supreme Court determined that the car salesman was not "actually at work" on July 14 because "he performed none of his customary duties as a salesman on that day but merely discussed

_____

[3] Lincoln argues that the Termination of Coverage provision applies to an employee's "eligibility" for coverage, as opposed to the effective date of coverage. Again, Lincoln has not explained why this distinction is relevant. Nor do we see a meaningful distinction, since interpreting the policy as terminating "eligibility" for leaving work for the day is just as unreasonable as interpreting it to result in a loss of effectiveness. Either way, the employee will not be covered.

10

his inability to perform his duties and the advisability of permitting others to carry on until such time as he might be able to perform such duties." (*Id.* at p. 618.)

*Boyer* is different from the circumstances presented here for several reasons. First, the policy in *Boyer* used the term "*actually* at work," not "*actively* at work." Moreover, the phrase "actually at work" from *Boyer* was not defined in the policy. Here, the parties defined the term "Active Work or Actively at Work" in a manner that, for reasons we discussed earlier, can be interpreted to refer to employment status. Finally, unlike here, there is no indication in *Boyer* that the court's interpretation of "actually at work" produced unreasonable results when applied to other provisions in the policy.

The Ohio Supreme Court's opinion in *Jackson v. Metropolitan Life Ins. Co.* (1973) 34 Ohio St.2d 138, 141 [296 N.E.2d 679] (*Jackson*) is distinguishable for similar reasons. The court in *Jackson* determined that the phrase "actively at work" in a life insurance policy meant that the policy would not be effective until an employee was "performing his job or assigned duties." (*Id.* at pp. 681-682.) But in *Jackson*, unlike here, the term "actively at work" was not defined in the policy, which is why the Ohio Supreme Court looked to the ordinary meaning of the term instead of a definition in the policy. (*Ibid.*) The Ohio Court of Appeals in *Brause* distinguished *Jackson* for this exact reason. (See *Brause, supra,* 623 N.E.2d at p. 639 ["Since that phrase was not defined in the relevant policy in the *Jackson* case, the court afforded it the ordinary meaning of actively in the process of 'performing one's job.' "].) There is also no indication in *Jackson* that interpreting "actively at work" as requiring an employee to be performing his job gave absurd meanings to other provisions in the policy.

The other cases cited by Lincoln as authority supporting its interpretation are distinguishable for the same reasons: the term at issue was not defined in the policy, and there is no indication that the insurer's interpretation conflicted with other provisions in the policy.[4] Moreover, many of the cases cited by Lincoln are also inapposite because

---

[4] (See *Todd v. Dow Chemical Co.* (8th Cir. 1985) 760 F.2d 192, 193; *Velez v. Crown Life Ins. Co.* (1st Cir. 1979) 599 F.2d 471, 475-476; *Helland v. Metropolitan Life Ins. Co.* (9th Cir. 1973) 488 F.2d 496, 497; *Elsey v. Prudential Ins. Co. of America* (10th

11

they analyzed insurance policies that used a phrase other than "Active Work" or "Actively at Work,"[5] or defined those terms differently than they are defined here.[6]

C.  *The Active Work Requirement Must Be Interpreted in Accordance With Sequeira's Reasonable Expectation of Receiving Coverage.*

The ambiguity in the meaning of "Active Work or Actively at Work" must be resolved by examining the reasonable expectations of the insured.  (*State of California v. Continental Ins. Co. supra*, 55 Cal.4th at p. 195.)  We have no trouble determining that Sequeira reasonably expected that the supplemental policy was effective before his death. He enrolled in coverage in October 2009 and made premium payments for coverage later that year.  Lincoln then issued a policy on January 1, 2010.  Sequeira could reasonably expect that the supplemental policy was effective on January 1, 2010, and he certainly would not expect that the coverage he paid for would be ineffective because he took New Year's Day off from work and became ill the next day.  (See *Tester v. Reliance Standard Life Ins. Co., supra,* 228 F.3d at p. 376 ["An employee reasonably would expect his coverage to extend beyond the time periods that he is physically at work and to cover those hours and days when he is out of the plant due to an illness."]; *Chiodo v. Unum Life Ins. Co. of America* (E.D. Pa. 1998) 1998 WL 743596 *3 ["Surely, employees are entitled

Cir. 1958) 262 F.2d 432, 433; *Demito v. Life Ins. Co. of North America* (1979) 11 Pa.D.&C.3d 465, 466; *Carageorge v. Fidelity & Guaranty Life Ins. Co.* (Fl.Ct.App. 1977) 345 So.2d 865, 865; *Williams v. Metropolitan Life Ins. Co.* (Mo.Ct.App. 1969) 448 S.W.2d 295, 297; *Marshall v. Connecticut General Life Ins. Co.* (Mo.Ct.App. 1963) 371 S.W.2d 363, 365; *White v. Great American Reserve Ins. Co*. (Tex.Ct.App. 1961) 342 S.W.2d 793, 794.)

[5] (See *Velez v. Crown Life Ins., supra*, 599 F.2d at p. 475 [policy not effective if employee is "absent from work"]; *Helland v. Metropolitan Life Ins. Co., supra*, 488 F.2d at p. 497 [policy not effective unless employee " 'actually enters on duty in a pay status' "]; *Demito v. Life Ins. Co. of North America, supra*, 11 Pa.D.&C.3d at p. 466 [policy required that insured must " 'actively engage in work' "].)

[6] (See *Smith v. Founders Life Assurance Co. of Florida* (1985) 175 Ga.App. 262, 262 [333 S.E.2d 5] [" 'actively at work' " defined as " 'the actual expenditure of time and energy in the service of the employer . . . .' "].)

12

to take their sick leave, vacations, and holidays without losing their status as full-time workers."].)

We therefore conclude that the supplemental policy was effective on January 1, 2010. In light of the foregoing, there is no need to reach plaintiff's alternative arguments in favor of coverage.

## DISPOSITION

The judgment appealed from is reversed and the matter is remanded to the trial court for further appropriate proceedings consistent with this opinion. Plaintiff shall recover her costs on appeal.

_____

Miller, J.

We concur:

_____

Kline, P. J.

_____

Richman, J.

A139639, *Sequeira v. Lincoln National Life Ins. Co.*

14

Trial Court:  Superior Court of Solano County

Trial Judge:  Hon. Scott L. Kays


Attorneys for plaintiff and appellant
Michelle M. Sequeira                        Terrence J. Coleman
                                            Ryan H. Opgenorth


Attorneys for defendant and respondent
Lincoln National Life Insurance Company     Daniel W. Maguire
                                            Edith S. Shea


A139639, *Sequeira v. Lincoln National Life Ins. Co.*